WILLIAM PATTERSON *et ux.,* plaintiffs in error, *v.* AMBROSE P. EDWARDS *et ux.,* defendants in error.

### *Error to Mason.*

In an action on the case for slander, though all the words need not be proved as laid in the declaration, yet so much thereof as is sufficient to sustain the cause of action must be proved. Proof of equivalent words of slander will not suffice.

In an action for slander, the following words were charged to have been spoken: "Mrs. Edwards has raised a family of children by a negro." *Held,* that these words, in their plain and popular sense, or in common acceptation, do not necessarily amount to a charge of fornication and adultery, unconnected with other circumstances, which the pleader ought to aver by way of introduction or colloquium, and to which, by proper innuendoes, he ought to refer the words.

The office of an innuendo is to explain, not to extend what has gone before; it cannot enlarge the meaning of words, unless it be connected with some matter of fact, expressly averred.

CASE for slander, in the Mason Circuit Court, brought by the defendants in error against the plaintiffs in error, and heard before the Hon. Samuel Treat and a jury, at the June term 1844. Verdict and judgment for the plaintiffs below, for $220 damages.

The substance of the declaration is set forth by the Court.

*W. A. Minshall,* for the plaintiffs in error.

1. The evidence is variant, and different from the allegations in the declaration, and so not supported by the proof, and for reason should have been set aside and a new trial granted.

2. The words as laid in the declaration are not actionable slander, and for that reason the judgment should have been arrested. The words laid in the declaration in their obvious import and meaning do not amount to the crime imputed by the innuendo. The innuendo enlarges the sense, which is not allowed, and without this the words as laid are not actionable. See for the nature and office of the innuendo, 1 Saunders, 243, note 4. *f*; and * bottom; 1 Chitty's Pl. 436, 437; *Goldstion* v. *Foss,* 6 B. & C. 154; 13 Eng. Com. Law R. 128, 129; *Angell* v. *Alexander,* 7 Bing. 119, in 20 Eng. Com. Law R. 71, 72.

3. The evidence offered by defendant ought to have been admitted under the general issue in this action. See 2 Starkie's Ev. 466, 467; *Van Rensellaer* v. *Dole,* 1 Johns. Cases, 279; S. P. cited in note 1.

*M. McConnell,* and *A. Lincoln,* for the defendants in error.

It is conceded, that if the words laid in the declaration do not import slander, the innuendo will not make them so.

The Court will regard the words spoken in the sense that the community understood them.

The presumption is, that Mrs. Edwards is a white woman, &c. The inference is, that she had had children by a negro.

*Minshall,* in conclusion.

Under the general issue, the truth of the words spoken, but not laid in the declaration, may be given in evidence in aggravation of damages, but not in justification.

It is competent for the defence to show that the words were spoken of another, and not of the party complaining; and the defendant should have been permitted by the Court to introduce such evidence.

The Opinion of the Court was delivered by

KOERNER, J.* This was an action of *slander*, brought by Edwards and wife against Patterson and wife in the Mason Circuit Court. The declaration, after the usual inducements of good character, &c., &c., charges defendant's wife with having spoken the following words: "Mrs. Edwards (meaning said plaintiff's wife,) has raised a family of children by a negro, and I (meaning said defendant) can prove it." The innuendo to this set of words is as follows: "Meaning that said Mrs. Edwards had been guilty of the crime of fornication." In a subsequent part of the declaration, the same words are laid with the innuendo, "meaning that said Mrs. Edwards had been guilty of the crime of adultery."

There was a plea of general issue, and joinder, and on the trial the plaintiff proved by two witnesses, in two different conversations, the speaking of the following words by defendant, Maria Patterson: "Mrs. Edwards has had children by a negro;" also: "Mrs. Edwards has had children by a negro, and all her children are negroes."

The defendants then proved, that in a certain conversation, other than those which were testified to by plaintiff's witnesses, Mrs. Patterson had used similar language, but had applied it to another Mrs. Edwards, and offered to prove that there was a report in circulation, that old Mrs. Edwards, the mother of the plaintiff, Ambrose Edwards, had had children by a negro, and also to show other circumstances, that the words spoken were of old Mrs. Edwards, and not of plaintiff's wife. This testimony was objected to, and the objection sustained by the Court. Upon this evidence the jury found a verdict for plaintiffs for $220·00, whereupon defendants moved for a new trial, which motion was overruled and decision objected to. A motion in arrest of judgment was also overruled, and the decision excepted to by the defendant's counsel.

The special assignments of error are,

1. That the Court erred in sustaining the objection to the introduction of the evidence offered by the defendant below;

---

WILSON, C. J., did not sit in this case.

2. That the Court erred in overruling the motion for a new trial; and

3. In overruling the motion in arrest of judgment.

In regard to the first error assigned, the Court is of opinion that the Court below decided correctly in excluding the testimony offered. It having been clearly shown that the defendant, in the conversations with plaintiff's witnesses, had spoken the words with reference to plaintiff's wife, it devolved on defendant, if he would have done it, to make it appear that in these conversations she spoke of another person. This the defendant did not offer to do, and the testimony as to any other conversations was wholly irrelevant.

The third error, the Court thinks well assigned. The proof did not sustain the allegations in the declaration. Though all the words need not be proved as laid, yet so much thereof as is sufficient to sustain the cause of action must be proved, and it will not do to prove equivalent words of slander. The rule, as here stated, is a relaxation of the strictness once required by the Courts in Great Britain, which held the slightest omission or addition, to be fatal. To go further would be destroying the fundamental principles of correct pleading. For a recognition of this rule by this Court, I refer to the case of *Slocum* v. *Kuykendall,* 1 Scam. 189, and authorities there cited.

We also think the third error well assigned. The declaration and all the various counts thereof, are substantially defective. Our statute provides, Rev. Stat. 522, that words falsely published, which in their common acceptation shall amount to charge any person with having been guilty of fornication or adultery, shall be deemed actionable. We are, however, of opinion, that the words spoken, viz: "Mrs. Edwards has raised a family of children by a negro," do not, in their plain and popular sense, or in common acceptation, necessarily amount to a charge of fornication and adultery, unconnected with other circumstances, which the pleader ought to have answered by way of introduction or colloquium, and to which, by proper innuendoes, he ought to have referred the words. Circumstances readily suggest

themselves under which the words would not have been slanderous, nor is it averred in the declaration that the persons present understood them in a slanderous sense. As the pleader has it in his power to state his own case, he must negative all inferences which may reasonably be drawn, and which, according to the rule of pleading, will always be intended strongly against him. There is no doubt that the words in this declaration could have been made actionable by proper averments, but none such are found on the record. The innuendoes, that defendant thereby meant to charge plaintiff's wife with fornication and adultery, cannot supply this defect. The office of the innuendo is to explain, not to extend what has gone before; it cannot enlarge the meaning of words, unless it be connected with some matter of fact expressly averred. 2 Salk. 513; 1 Lord Raym. 256; 12 Mod. 1 Saund. 243, notes 4 & 6; Breese, 11; 4 Blackf. 475. In the present case, it is necessary to show by introductory averments sufficient of the condition and domestic relations of the party complaining, at the time the words were spoken, or rather at the time to which the charge of the defendant referred, to make it manifest from the pleadings that the words spoken must have been necessarily slanderous in their character, and could not bear well any other interpretation. The judgment below must be reversed, with costs. Cause is remanded with leave to plaintiffs to amend pleadings.

*Judgment reversed.*