## LELIA P. ROBY

### v.

## LOUISA MURPHY.

*Slander—Words Actionable* Per Se—*Question for Court—" Bitch"—" Slut"—Instructions—Reversal—Practice.*

1. In an action for slander, where the declaration contains words, some of which are, and some of which are not, slanderous *per se*, it is error to instruct the jury that, in order to entitle the plaintiff to recover, it is sufficient to prove the slanderous words in some one or more of the statements contained in the declaration.

2. It is error to leave the jury to determine what words are slanderous, that question being for the court.

3. The words " bitch " and " slut," where applied to a woman, and taken in their common acceptation, are not actionable *per se.*

4. Where there is manifest error in the instructions, which may have

injured the appellant, this court will reverse, unless it appears that such error did not affect the result.

5. When the evidence is conflicting, and the right of the successful party is not clear, this court will reverse for an error in the instructions which may have misled the jury.

[Opinion filed December 7, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

This was an action for slander, and the declaration was as follows:

"In the Superior Court, September Term, 1886.

"State of Illinois, ⎱ ss.
County of Cook. ⎰    "Louisa Murphy, plaintiff, by John M. Beverly, her attorney, complains of Mrs. Lelia P. Roby, defendant, of a plea of trespass on the case; for that, whereas, the plaintiff, before and at the time of the committing by the defendant of the several grievances hereinafter mentioned, was a person of good name, credit and reputation, and deservedly enjoyed the esteem and good opinion of all her neighbors and other worthy citizens of this State, yet the defendant, well knowing the premises, but contriving and maliciously intending to injure the plaintiff, and to bring her into public scandal and disgrace, on or about the 30th day of July, 1886, in the county of Cook, aforesaid, in a certain discourse in which the defendant then and there had, of and concerning the plaintiff, in the presence and hearing of divers persons, falsely and maliciously, in the presence and hearing of said persons, spoken and published of and concerning the plaintiff, the false, scandalous, malicious and defamatory words following, that is to say: ' She,' (meaning the plaintiff) ' is a thief.'   ' She' (meaning the plaintiff) ' steals everything she can put her hand on.'   ' She' (meaning the plaintiff) ' has stolen my' (meaning the defendant's) ' silver_ware.'   ' She' (meaning the plaintiff) ' has stolen my ' (meaning the defendant's) ' jewelry.'   ' She' (meaning the plaintiff) ' has stolen my ' (meaning the defendant's) ' towels, sheets and

napkins.' 'She' (meaning the plaintiff) 'has stolen my' (meaning the defendant's) 'clothing.' 'I' (meaning the defendant) 'have taken my' (meaning the defendant's) 'clothing off her' (meaning the plaintiff) 'back, which she' (meaning the plaintiff) 'had stolen.' 'She' (meaning the plaintiff) 'has stolen my' (meaning the defendant's) 'flour and sugar, and carried it out the back way.' Meaning and intending thereby to charge that the plaintiff had feloniously stolen, taken and carried away the goods and chattels of the defendant.

"By means of the committing of which said several grievances by the defendant, the plaintiff has been and is greatly injured in her said good name, credit and reputation, and brought into public scandal and disgrace, and has been and is shunned and avoided by divers persons, and has been and is otherwise injured; to the damage of the plaintiff of $15,000.

"And for that, whereas also, the plaintiff before and at the time of the committing by the defendant of the several grievances hereinafter mentioned, was, and always has been, virtuous and chaste, and was a person of good name and reputation, and deservedly enjoyed the esteem and good opinion of her neighbors and other worthy citizens of this State, yet, the defendant, well knowing the premises, but contriving and maliciously intending to injure the plaintiff in her said good name and reputation, and to bring her into public scandal and disgrace, and to cause it to be suspected and believed by divers persons that she was unchaste, on or about the 30th day of July, 1885, in the county of Cook aforesaid, in a certain discourse with the defendant then and there had in the presence and hearing of divers persons, of and concerning the plaintiff, falsely and maliciously, in the presence and hearing of the said persons, spoke and published of and concerning the plaintiff, the false, scandalous, malicious and defamatory words following, that is to say: 'She' (meaning plaintiff) 'is a prostitute.' 'She' (meaning the plaintiff) 'slept with a man in my house, when I' (meaning the defendant) 'was away, and I can prove it.' 'She' (meaning the plaintiff) 'is a dirty bitch.' 'She' (meaning the plaintiff) 'is a dirty, lying slut.' 'She' (meaning the plaintiff) 'is a filthy, lying slut.'

"By means of the speaking and publishing of which said several false, scandalous and malicious words by the defendant, the plaintiff has been and is greatly injured in her said good name, credit and reputation, and brought into public scandal and disgrace, and has been, and is, otherwise injured, to the damage of the plaintiff of $15,000, and therefore she brings her suit, etc."

On the trial the court gave the jury, at the request of the plaintiff, among others, the three instructions following:

"(1.)   The court instructs the jury that slander is regarded in law as a malicious wrong and injury, and an action for it has as legitimate a standing in a court of justice as any other action.

"(2.)   The court instructs the jury that if they believe from the evidence in this case that the defendant spoke and published, of and concerning the plaintiff, the words charged in the declaration, then the law presumes they were spoken maliciously, and with a view to defame and injure the plaintiff.

"(3.)   The court instructs the jury that while it is necessary, to entitle the plaintiff to recover in an action of slander, that she should prove the slanderous words alleged in the declaration, still it is not necessary to prove all the words that are charged to have been spoken.   It is sufficient to prove substantially the words in some one or more of the statements of slanderous words contained in the declaration."

The jury returned a verdict in favor of plaintiff, and assessed the damages at $2,500.   The court required the plaintiff to remit $1,000 of the verdict, and the plaintiff having done so, the court overruled the motion for a new trial and returned judgment against the defendant for $1,500, and the record is brought here by appeal and error assigned.

Mr. W. N. Low, for appellant.

Mr. M. J. Gorman, for appellee.

Moran, J.   Several sets of words are set out in the declaration as being false, scandalous, malicious and defamatory,

and among others, in the second count, are the following: "She is a dirty bitch." "She is a dirty slut." "She is a dirty, lying slut." "She is a filthy, lying slut." These words are laid without any *colloquium* going to show that they were used and understood in a slanderous sense. They must therefore be taken in their common acceptation. The word "bitch," when applied to a woman, does not in its common acceptance import fornication or adultery, and is not actionable *per se.* K. v. H., 20 Wis. 252; Schurich v. Kallman, 50 Ind. 336; Logan v. Logan, 77 Ind. 558.

The word "slut," according to Webster, means an untidy woman, a slattern, and also a female dog, the same as "bitch." While such terms undoubtedly are coarse, vulgar and brutal when applied to a woman, they do not amount to a charge of crime or of want of chastity, and are not, therefore, in their common meaning, slanderous words.

The declaration then contained sets of words that were actionable, and also sets of words which were not slanderous or actionable as set out. The third instruction given by the court to the jury told them that it was not necessary, in order to entitle plaintiff to recover, that she should prove all the slanderous words alleged in the declaration. It is sufficient to prove substantially the words in some one or more of the statements of slanderous words contained in the declaration.

This was manifestly erroneous. What are slanderous words is a question of law, and the jury could not tell what were and what were not actionable words, and in any event it was error to leave them to determine what were slanderous words. Carter v. Carter, 62 Ill. 439; Howard Fire Ins. Co. v. Cornick, 24 Ill. 455.

But the undoubted effect of the instruction was not to set the jury to determine what sets of words were slanderous, but to convey to them the impression that all the words stated in the declaration were slanderous, and the proof that the defendant had published any of them against plaintiff would justify a verdict of guilty.

For aught we can see the verdict may in fact rest upon a finding by the jury that the non-actionable words were the

ones which defendant was guilty of using.     There is, it is true, about the same proof as to one set of words as another, and practically the same conflict in the evidence as to the speaking of all the words alleged, but we can not determine that the verdict finds the speaking of the actionable words particularly in view of this instruction in which plaintiff deemed it prudent to have the jury told that they ought to find a verdict of guilty on proof of the speaking of any of the sets of words. It is not unlikely that the jury would more readily believe that the vulgar and opprobrious epithets had been used than the words imputing fornication or larceny.     The graver charge usually requires clearer proof to establish it than the lesser offense.

The rule is that where there is manifest error which may have injured the defendant, there must be a reversal, unless from an inspection of the entire evidence, this court can say that the error did not affect the result.

When there is no conflict in the evidence, or when from all the evidence we can see that the successful party is so clearly right that the same verdict must necessarily have been rendered had the jury been correctly instructed, the case will not be reversed for error in the instructions alone; but when the right is not clear and there is error in the instructions which may have misled the jury, there must be a reversal, that the issues may be determined under proper instructions.     C., B. & Q. R. R. v. Van Patten, 74 Ill. 91;  Howe Machine Co. v. Rosine, 87 Ill. 105; Beard v. Maxwell, 113 Ill. 440; Union Stock Yards Co. v. Managhan, 13 Ill. App. 148;  Frantz v. Rose, 89 Ill. 590.

A careful inspection of the whole record does not satisfy us that no injury was done to the appellant by the instruction pointed out.     Taken in connection with two other instructions set out in the statement of facts, it was calculated to mislead, and it does not affirmatively appear that it did not have that effect.

For error indicated the judgment must be reversed and the cause remanded.

*Reversed and remanded.*