### Florence Gerald v. Inter Ocean Publishing Co.

1. LIBEL—*Words Tending to Injure One in His Trade, Profession or Calling.*—The general rule in relation to the speaking or writing of words of one in a particular calling may be stated as follows :  Any words spoken of such a person in his office, trade, profession or business, which tend to impair his credit, or charge him with fraud, or indirect dealings, or with incapacity, and that tend to injure him in his trade, profession or calling, are actionable without proof of special damage.

2. SAME—*What the Declaration Must Contain.*—To maintain an action on the ground that words spoken of a person with reference to his profession or occupation are in themselves actionable, the declaration must contain a distinct averment that the words were spoken of and concerning the plaintiff and of and concerning his profession or occupation.

3. SAME—*Action Sustained for Published Words Which Would Not be Actionable if Spoken.*—An action for libel may be sustained for words published which tend to bring a party into public hatred, contempt, or ridicule, even though the same words spoken would not be actionable.

4. . SAME—*Sufficiency of Words is a Question of Law.*—The sufficiency of the words is a question of law for the court, and not of fact for the jury, and there is no error in taking the case from the jury by a peremptory instruction directing them to find for the defendant.

Libel.—Appeal from the Superior Court of Cook County; the Hon. SAMUEL C. STOUGH, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1899.   Affirmed.   Opinion filed July 10, 1900.

W. J. LAVERY, attorney for appellant.

A judge is in no way bound to state to the jury his own opinion on the point.   It would in fact be wrong for him to

lay down as a matter of law that the publication complained of was or was not a libel. The proper course is, for the judge to define what is a libel in point of law and to leave it to the jury to show whether the publication in question falls within that definition, and this is a question pre-eminently for the jury. Allen v. Pioneer P. Co., 3 L. R. A. 532; Newell on Slander and Libel, 612; Newell on Slander and Libel, p. 290, Sec. 4, p. 291, Sec. 5.

PADDOCK, WRIGHT & BILLINGS, attorneys for appellee.

The weight of authority is in favor of extending the privilege to reports of arrests.

Not only has a publisher the right to publish accounts of arrests but he owes a duty to the public to do so. Am. Ency. Law, Vol. XIII, page 316; Newell on Slander and Libel, pages 476 and 500, Secs. 64 and 96, Second Edition; McBee v. Fulton, 47 Md. 403.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This was a suit for damages brought by appellant against appellee, for the publication of an alleged libelous article in the Daily Inter Ocean. Upon the trial at the close of plaintiff's evidence the court, on motion of defendant, instructed the jury to find the defendant not guilty. From the judgment upon this instructed verdict the plaintiff has appealed to this court.

The publication complained of was as follows :

" FATALLY SHOOTS A WOMAN.

Oscar M. Galloway Wounds Sarah Krouse in an Alley.

Oscar M. Galloway, a shoe dealer, living at No. 701 West Congress street, shot Sarah Krouse, twenty-two years old, in an alley at the rear of No. 231 State street, at 11:30 o'clock last night. The bullet lodged in the woman's back. She is now at the County Hospital and physicians expect her to die.

Galloway is locked up at the Central Station. He admits shooting the woman, but says he does not know what prompted the act. He told the police some one was choking him and that in self-defense he drew his revolver and

Gerald v. Inter Ocean Publishing Co.

fired.   He does not know whether a man or woman attacked him.   The prisoner showed signs of being intoxicated.   The woman is also known by the name of Florence Gerald.   She is said to be an actress, who at one time was connected with David Henderson's Stock Company.

Early this morning she regained consciousness and said that her name was Sarah Croft and that she lived with her husband at No. 1531 Wabash avenue.   Her husband, she said, was a cab driver, and had a stand at Wabash avenue and Monroe street.   She said that she met Galloway on Wabash avenue and he asked her to care for him, declaring that he was ill.   She walked with him into the alley, where she declares he suddenly turned and shot her."

The defense was interposed under a plea of the general issue, and notice of special matters in defense, and the appellee claims that the verdict and judgment were right, because:

1.   The occasion of the publication was one of qualified privilege.

2.   The publication complained of was not libelous.

3.   The publication, if libelous, was not libelous *per se*.

4.   The publication not being libelous *per se*, it became incumbent upon appellant to aver and prove special damages, and having failed to do either, she was not entitled to recover.

We need not consider all of said reasons.   It is enough if any one of them is good.

The declaration of appellant and her proof made in the trial court was upon the theory, as it is here, that the words of the publication are libelous *per se*, and that she was not required to aver and prove special damages.

We fail to observe in the article any words recognized by the authorities as being in themselves actionable.

It is said in Newell on Slander and Libel, Chap. 8, p. 181, that " the real practical test by which to determine whether special damage must be alleged and proven in order to make out a cause of action for defamation is whether the language is such as necessarily must or naturally and presumably will occasion pecuniary damage to the person of whom it is spoken."

The allegation of the declaration is that the plaintiff " was a person of good name, credit and reputation,"  *  * and " was a member of the theatrical profession, and as such was engaged  *  *  * as a member of the company of players known as ' David Henderson Stock Company.' "

And upon such allegation there seems to be predicated the argument that there is in the article an imputation of unchastity, or other misconduct by her, affecting her in her profession as actress; or, as said in appellant's brief, " words used, by fair interpretation may be taken to indicate a charge of being a common street walker, and generally a woman of bad character, ' a strong arm ' robber or garroter;" and that such an imputation is actionable *per se.*

It is undoubtedly true that words not actionable in themselves, may become so if spoken or written of one engaged in a particular calling or profession, but in order to make them such they must relate to the trade or employment, and must touch the person of or concerning whom they are spoken or written, with reference to such occupation. They must have been uttered of the party in relation to his calling.

It was said in Clifford v. Cochrane, 10 Ill. App., on p. 574 :

" The general rule in relation to the speaking (or writing) of words of one in a particular calling may be stated as follows : Any words spoken of such a person in his office, trade, profession or business, which tend to impair his credit, or charge him with fraud, or indirect dealings, or with incapacity, and that tend to injure him in his trade, profession or business, are actionable without proof of special damage."

And in support of the rule so stated, numerous authorities are cited.

Again, in Barnes v. Trundy, 31 Me. 321, it is said :

" To maintain an action on the ground that words spoken of a person with reference to his profession or occupation are in themselves actionable, the declaration must contain a distinct averment that the words were spoken of and concerning the plaintiff, and of and concerning his profession and occupation."

Gerald v. Inter Ocean Publishing Co.

Mr. Justice Clifford, speaking for the court, in Pollard v. Lyon, 91 U. S. 225, said :

" Certain words, all admit, are in themselves actionable, because the natural consequences of what they impute to the party is damage, as if they import a charge that the party has been guilty of a criminal offense involving moral turpitude, or that the party is infected with a contagious distemper, or if they are prejudicial in a pecuniary sense to a person in office or to a person engaged in a profession or trade; but in all other cases the party who brings an action for words must show the damage he or she has suffered by the false speaking of the other party."

It is held in Cerveny v. Chicago Daily News Company, 139 Ill. 345, that an action for libel may be sustained for words published which tend to bring a party into public hatred, contempt or ridicule, even though the same words spoken would not be actionable.

But that authority does not and we know of none that does, change the rule we have spoken of, that in order to make words, either written or spoken of or concerning one engaged in a particular calling, actionable *per se*, they must have been used of the party in relation to his or her occupation.

It is said in appellant's brief that it may be fairly imputed from the article, " that appellant was in a disreputable alley-way with a man whom she had never seen before; that she was choking Galloway, thereby imputing an attempted robbery."

It is too plain for argument that no such imputation can fairly be drawn from the article, and it follows that without the aid of extrinsic matters properly pleaded and proved no recovery can be had.

It is perfectly plain from a reading of the article in question that it does not contain a word reflecting upon the capacity or standing of the plaintiff as an actress. If, on the other hand, it may be fairly said that there is a sufficient averment that plaintiff is an actress by profession and that there is in the article an imputation upon her regularity of life and well ordered conduct which would interfere with

her employment and favorable reception as an actress, and thereby detrimentally affect her pecuniarily, such additional extrinsic matters should have been averred and proved.

The article not being libelous in itself, it could have been made so only by the averment of a proper innuendo and its proof. No extrinsic matters were either averred or proved, and a recovery was properly denied.

The sufficiency of the words was a question of law for the court and not of fact for the jury, and there was no error in taking the case from the jury by a peremptory instruction to them to find for the defendant. Schmisseur v. Krelich, 92 Ill. 347; Roby v. Murphy, 27 Ill. App. 394; Hays v. Mather, 15 Ill. App. 30.

The judgment of the Superior Court is affirmed.