### Martin W. Robertson v. The City of Marion et al.

1. CITIES AND VILLAGES—*Not Liable for the Tortious Acts of Their Officers.*—A municipal corporation in the performance of its police regulations can not commit a wrong through its officers in such a way as to render it liable.

2. MALICIOUS PROSECUTION—*Requisites of the Declaration in Actions for.*—To maintain an action for malicious prosecution it is necessary to allege and prove that the prosecution was malicious and without probable cause, and further that the suit complained of has been judicially determined in favor of the party bringing the suit for malicious prosecution.

Trespass on the Case, for malicious prosecution. Appeal from the Circuit Court of Williamson County; the Hon. ALONZO K. VICKERS, Judge, presiding. Heard in this court at the February term, 1901. Affirmed. Opinion filed September 4, 1901.

YOUNG & MORRIS and A. J. KIMMEL, attorneys for appellant.

W. W. CLEMENS and E. M. SPILLER, attorneys for appellees.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was an action on the case, in the Circuit Court of Williamson County, by appellant against appellees, to

recover damages alleged to have been sustained by appellant on account of his arrest and prosecution by appellees for a violation of certain ordinances of the city of Marion. (Appellees are the city of Marion and its officers.) It appears from the record that the original declaration consisted of three counts; that the declaration was finally so amended as that what is denominated " fourth additional count," became substituted for the third count; that appellant *nollied* the second count; that the court sustained a general demurrer in favor of all the appellees to the first count and to the " fourth additional count;" that appellant elected to stand by his first count and " fourth additional count," and that thereupon the court rendered judgment against him for costs. Appellant's appeal brings before us for consideration, only the action of the trial court as to the first count and the " fourth additional count" of his declaration.

The gist of the first count is, that on the 13th day of April, 1898, appellees began a suit against appellant under sections 1 to 6 inclusive of ordinance No. 17 of the city of Marion, and caused him to be arrested, taken before a justice of the peace, tried and fined; that he appealed from that judgment to the Circuit Court, where trial was had resulting in a judgment in his favor; that appellees appealed the case to the Appellate Court, where the judgment of the Circuit Court was affirmed. The count then avers that by reason of such prosecution and appeal, appellant was greatly injured, etc. The "fourth additional count" sets up, in substance, that appellant owned a lot in the city of Marion and was proceeding to erect a building thereon; that appellees claimed that said building was being erected in violation of certain of the city ordinances, and " maliciously instituted and prosecuted divers suits and prosecutions against appellant, which were false and fictitious and without any probable cause," whereby he was injured, etc.

This case, as stated in each of these counts, is to such extent a case for malicious prosecution as to make that feature of it a controlling factor in the case, and to require

that the declaration be tested by the law applicable to such cases. As to such cases a municipal corporation sustains a legal relation wholly different from that of an individual. In Board of Trustees v. Schroeder, 58 Ill. 353, it is held that a municipal corporation is not liable for the illegal acts of its officers in administering an ordinance, although its trustees may have participated therein. In Blake v. City of Pontiac, 49 Ill. App. 543, it is held to be well established law that a city, in the performance of its police regulations, can not commit a wrong through its officers in such a way as to render it liable. This doctrine is recognized and acted upon by the court in the very recent case of City of Chicago v. Williams, 182 Ill. 135. The rule of law which exempts municipalities from liability for the torts of their officers in the enacting or enforcing of purely police regulations, rests on the soundest public policy. It follows, therefore, that as to the city of Marion the demurrer was properly sustained.

As to the city's co-appellees, although officers of the city, the above stated exemption from liability does not apply. The question as to them then, is, does the declaration set up a cause of action? To maintain an action for malicious prosecution it is necessary to allege and prove that the prosecution was malicious and also that it was without probable cause, and further, that the suit or suits complained of have been judicially determined in favor of the party suing for such malicious prosecution. Tested by these requirements this declaration fails. The first count does not charge either malice or want of probable cause, and the "fourth additional count" does not charge that the divers suits complained of, or any of them, have been prosecuted to a judicial termination. It follows, therefore, that as to all of appellees the demurrer was properly sustained.

The judgment of the Circuit Court of Williamson County is affirmed.