DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1919.

---

Wesley S. Campbell, Plaintiff in Error, v. The Masonic Chronicler Publishing Company et al., Defendants in Error.

## Gen. No. 24,537.

1. LIBEL AND SLANDER, § 27*—*when statement charging promotion of clandestine masonry is libelous per se.* A published statement was libelous *per se*, which was headed "Arrest Clandestine Promoters," and stated that clandestine masonry received a severe shock when detectives arrested six men at a given address, as the result of an advertisement inviting men to become members of the masonic fraternity, and that four of them were released, but plaintiff was being held on a charge of disorderly conduct, and the other was charged with obtaining money under false pretenses, and that according to the police those answering the advertisement were told they could obtain initiation for $15, and that investigations being made were expected to result in the location of witnesses who had been victims of the clandestine promoters.

2. LIBEL AND SLANDER, § 27*—*when statement charging plaintiff with being impostor is libelous per se.* A published statement was libelous *per se*, which was alleged to have been spoken of concerning

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

(601)

plaintiff, and was headed "Arrest of Two Imposters," and stated that as the result of an advertisement requesting honest and upright men who desired to become members of the masonic fraternity to call at a certain number, two men occupying apartments at that number were arrested on a charge of disorderly conduct, and that the brethren should remember that these confidence men were looking for something good for little or no money, and that it remained to be seen whether the public attorneys intended to rid the community of these impostors or to turn them loose to prey upon the unsophisticated and ignorant, and that it was usually a hard matter to convict these scoundrels on account of the mental and moral character of the victims.

3. LIBEL AND SLANDER, § 83*—*when action not barred by limitations*. An amended declaration as amended, filed in a libel suit after the statute of limitations had run, was not barred on the ground that the original declaration stated no cause of action because plaintiff was not connected with the libelous articles by innuendos, where, although no such connection was made, the statements which were set up *in hæc verba* in the declaration and in the amendments were libelous *per se*, and it was alleged that the statements contained therein were false, and that they were spoken of and concerning plaintiff.

4. LIBEL AND SLANDER, § 96*—*when innuendo not necessary*. No innuendo is necessary where the words are libelous *per se*.

5. LIBEL AND SLANDER, § 104*—*when plea of justification is insufficient*. A plea of justification in a libel suit, attempting to justify in its entirety a libel charging that plaintiff was a clandestine masonry promoter, and which set up facts justifying that charge, and also charged that plaintiff was a crook, a confidence man, a lawbreaker, an impostor and a scoundrel, was insufficient because it failed to state facts with particular circumstances which would show the truth of the latter charges.

6. LIBEL AND SLANDER, § 104*—*rules for framing plea of justification*. Rules as to the framing of a plea of justification in libel stated.

Error to the Circuit Court of Cook county; the Hon. FRANK J. JOHNSTON, JR., Judge, presiding. Heard in the Branch Appellate Court at the October term, 1918. Reversed and remanded. Opinion filed October 10, 1919.

G. A. BURESH, for plaintiff in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

BEACH & BEACH, for defendants in error.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

The plaintiff in error seeks to reverse a judgment entered by the trial court upon overruling the demurrers of plaintiff in error (who was plaintiff below) to special pleas of the statute of limitations and justification interposed by the defendants to an amended declaration as amended which charged the publication by defendants in error of a libel. Plaintiff elected to stand by his demurrers and refusing to plead further, judgment was entered in bar of the action and for costs.

The original declaration was in four counts, each of which charged the publication by defendants on the 7th of May, 1910, of the following items:

"ARREST CLANDESTINE PROMOTERS.

"Clandestine masonry received a severe shock Sunday, May 1, when detectives from Assistant Chief Schuettler's office arrested six men at 2001 Michigan Avenue.

"The raid was the result of an advertisement which appeared in an afternoon newspaper, inviting men to become members of the Masonic fraternity.

"Four of the six who were arrested were released, W. S. Campbell is being held on a charge of disorderly conduct, and John F. Eichin was charged with obtaining money under false pretenses. The cases against these two men were continued for ten days, when they appeared in court Monday.

"According to the police, the men who answered the advertisements were told that they could obtain initiation into the fraternity for $15.

"Investigations now being made are expected to result in the location of a number of witnesses who have been victims of the clandestine promoters."

"ARREST OF TWO IMPOSTORS.

"Considerable flurry among Masons was occasioned

during the last week on account of an advertisement that appeared in one of the dailies. The advertisement requested 'honest and upright men who desire to become members of the "Masonic Fraternity" ' to call at a certain street number. Later, this was accentuated by the arrest of two men occupying apartments at that number on the charge of disorderly conduct.

"As a result of all this, a number of well meaning brethren have written the Masonic Chronicler regarding it.

"The brethren should remember that these confidence men are not victimizing Masons. They are getting their money from men who are looking for something good for little or no money. The Masons of this city are paying taxes to support a police department and other officials whose duty it is to arrest and convict confidence men and crooks. It would seem that the police department is doing its full duty in the premises and it now remains to be seen whether attorneys who are drawing public money to prosecute lawbreakers intend to earn their salaries and rid the community of these imposters, or to turn them loose to prey upon the unsophisticated and ignorant.

"It is usually a hard matter to convict these scoundrels on account of the mental and moral character of the victims, but a vigorous prosecution of them would materially help matters."

The pleas of the statute of limitations were based upon the theory, first, that the original declaration did not state a cause of action; second, that the cause of action stated in the amended declaration, as amended, was another and different cause of action than stated in the original declaration. A demurrer interposed to the original declaration was overruled and the defendants filed pleas to it. In both declarations the written articles complained of were set up *in hæc verba* and were the same.

While it is true, as defendants in error point out,

that in the original declaration the plaintiff was not connected with the libelous articles by innuendoes, nevertheless, the published statements were libelous, *per se,* and in each count of the original declaration it was alleged that the statements contained therein were false, and that they were spoken of and concerning the plaintiff.   No innuendo is necessary where the words are libelous *per se. Elam v. Badger,* 23 Ill. 498.

We are inclined to think that the original declaration stated a cause of action, and that substantially it is the same cause of action as stated in the amended declaration as amended.   The demurrer of plaintiff to defendants' pleas of the statute of limitations should have been sustained.

The sixth plea of the defendants attempted to justify the publication of the alleged libel in its entirety. It specifically alleged the truth of each statement of fact set up in the alleged libelous articles as applied to the plaintiff, and alleged further facts, which, if true, showed that a supposed organization of Masons to which plaintiff claimed to belong was clandestine and fraudulent; that there was no such organization in the United States of America; that plaintiff had falsely advertised and made representations as alleged in the items published; that by reason of said advertisement, representations and pretenses, plaintiff was a "clandestine promoter."

It further alleged that plaintiff was a crook, a confidence man, a lawbreaker, an impostor and a scoundrel.

Plaintiff admits that the plea sets up facts justifying the use of the term "clandestine promoter," but says as it also purports to justify the use of the terms, impostor, confidence man, crook, scoundrel, etc., it should also state facts with particular circumstances, which would show the truth of these charges against him.   It may be that it was the intention of the pleader

to allege that by reason of the facts set forth, plaintiff was a crook, scoundrel, impostor, etc., as well as "clandestine promoter," but the plea does not so state.

The plea as framed would, we think, require plaintiff to go to trial without knowledge of the specific facts upon which defendant relies to justify the whole of the alleged libel. In Chitty on Pleading (7th Ed.) p. 645, the rules as to framing a plea of justification are stated:

"In framing a plea of justification of the truth, care must be taken to observe the following rules: first, it is necessary, although the libel contain a general imputation upon the plaintiff's character, that the plea should state specific facts, showing in what particular instances and in what exact manner he has misconducted himself; secondly, the matters set up by way of justification should be strictly conformable with the slander laid in the declaration, and must be proved as laid, at least, in substance; and thirdly, if the matter of justification can be extended to the whole of the libel or slander, the plea should not be confined to part only, leaving the rest unjustified."

These rules seem to have been followed with some degree of strictness by the courts of Illinois, and it has even been stated that the plea of justification ought to state the charge against the plaintiff with the same precision as an indictment. *Cooper v. Lawrence*, 204 Ill. App. 261; *Dowie v. Priddle*, 216 Ill. 553.

There were other formal defects in the plea. Technically a plea of this kind is in the nature of confession and avoidance. It should be pleaded with precision and certainty. It should admit the publication of the alleged libel. It should specifically set forth the facts relied on by the pleader, and state that the alleged libel is thereby justified. Encyc. Pl. & Prac. vol. 13, pages 80-83.

For the errors indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*