## Frank C. Campbell, Appellant, v. Charles C. Morris, Appellee.

1. LIBEL AND SLANDER—*necessity and sufficiency of averment of special damages.* Unless the language used is libelous *per se*, a plaintiff must aver in his declaration that special damages have resulted, stating what they are and make proof thereof at the trial. It is not sufficient to allege generally that plaintiff was damaged.

2. LIBEL AND SLANDER—*what essential to render words actionable per se.* In order to make words, either written or spoken of or concerning one engaged in a particular calling, actionable *per se*, they must have been used of the party in relation to his or her occupation.

3. LIBEL AND SLANDER—*words held not actionable per se.* The words "Poses as a Mason in good standing," used concerning a plaintiff who was at the time of the publication a candidate for the nomination of State Senator and was also a Mason, were not actionable *per se;* and therefore a demurrer was properly sustained where the declaration failed to allege special damages.

4. LIBEL AND SLANDER—*words held not actionable per se.* The word "pose" held not synonymous with "impostor," and therefore a charge that plaintiff in a libel suit posed as a Mason in good standing was not actionable *per se*, particularly where plaintiff was a Mason and there was no averment in the declaration that, under the rules of the order, such a person as plaintiff was represented to be was not a Mason in good standing, but on the contrary it was alleged that he had at all times conducted himself as an honest, faithful and upright Mason.

Appeal from the Circuit Court of Clay county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the October term, 1921. Affirmed. Opinion filed March 24, 1922.

CHARLES H. HOLT and A. M. ROSE, for appellant.

R. S. ROWLAND, A. N. TOLLIVER, EDWARD C. CRAIG, DONALD B. CRAIG and FRED H. KELLY, for appellee; ALEXANDER H. BELL, of counsel.

MR. JUSTICE BARRY delivered the opinion of the court.

Appellant sued appellee to recover damages for the publication of an alleged libel. A demurrer was sustained to the declaration and a judgment rendered for costs. The article, publication of which is complained of, is as follows:

"The Masonic Relief Association of the United States and Canada. Office of the Secretary, Masonic Temple, Indianapolis, Indiana.

(Names of officers and executive board are here inserted.)

"Official Warning Circular, No. 403.    June 1, 1919.

"This sheet is strictly confidential, and is furnished to our subscribers for their guidance and protection in the administration of charities under their charge. (6543.)    Campbell, Frank C., politician.    Demitted from Carlo 314, Dixon, Ky., 1897. Not affiliated since. Poses as a Mason in good standing.    Reported by Xenia 485, Xenia, Illinois.

JOHN F. MASSEY,
Acting President."

In each count of his declaration appellant averred that at the time of the publication he was State Senator for the 42nd senatorial district; that he was also a practicing physician and surgeon and president of a certain bank of Xenia, Illinois. In several of the counts he averred that he was then and there a candidate under the primary law of the State for the nomination for State Senator. In nearly all of the counts he averred that he had been admitted as a member of the Order of Ancient, Free and Accepted Masons, of Carlo Lodge No. 314, in the State of Kentucky, and had accepted from the said lodge a demit card certifying that he was a member of the order in good standing when that card was issued and that he was entitled to all the rights of a Mason holding such a card and averred that he had at all times conducted himself as a true, honest, upright and faithful Mason and had lived up to the tenets, principles and doctrines of the order.

In most of the counts he averred that the article was published of and concerning him in his office as State Senator, physician and banker and for the purpose of injuring him with reference thereto, and to defeat him as a candidate for renomination for State Senator. He averred that appellee, by the expression "Poses as a Mason in good standing," charged him with being an impostor; as falsely holding himself out as and pretending to be a Mason in good standing for the purpose of gaining relief or favor at the hands of other members of the order living in said senatorial district.

It is not averred in any count of the declaration that appellant sustained special damages by reason of the publication. They simply allege, generally, that he was damaged. Unless the language used is libelous *per se*, a plaintiff must aver in his declaration that special damages have resulted, stating what they are and prove it on the trial. It is not sufficient to allege, generally, that he was damaged. *Strauss v. Meyer*, 48

Ill. 385; *DeWitt v. Scarlett*, 113 Md. 47; *Reporters' Ass'n of America v. Sun Prtg. & Pub. Ass'n*, 186 N. Y. 437; 8 R. C. L. 614; 17 R. C. L. 391-392; 25 Cyc. 455.

The declaration avers that the article was published of and concerning appellant in his office as State Senator, physician and banker and for the purpose of injuring him with reference thereto. The language used does not in any way refer to his calling or business. In order to make words, either written or spoken of or concerning one engaged in a particular calling, actionable *per se*, they must have been used of the party in relation to his or her occupation. *Gerald v. Inter Ocean Pub. Co.*, 90 Ill. App. 205; *Harkness v. Chicago Daily News Co.*, 102 Ill. App. 162; *Barnes v. Trundy*, 31 Me. 321; Newell, Slander & Libel (3rd Ed.) 200-214; 25 Cyc. 328.

If the words complained of "Poses as a Mason in good standing" are not libelous *per se*, it necessarily follows that the court committed no error in sustaining the demurrer to the declaration.

In a case of this kind the words used must be construed according to their natural, obvious and ordinary meaning, 17 R. C. L. 312-313. The office of the innuendo is to explain not to extend what has gone before. It cannot add to, enlarge or change the natural and ordinary meaning of the words charged to have been published. *Patterson v. Edwards*, 7 Ill. 720; *Wofford v. Meeks*, 129 Ala. 349; *Hackett v. Providence Telegram Pub. Co.*, 18 R. I. 589; *Brown v. Independent Pub. Co.*, 48 Mont. 374.

The gist of the controversy is as to whether the words "Poses as a Mason in good standing" are libelous *per se*. If they are not, the demurrer was properly sustained because of a failure to allege special damages. If they are actionable *per se*, the demurrer should have been overruled.

Appellant contends that the expression "Poses as a Mason in good standing" is equivalent to saying

that he was an "impostor," one who falsely held himself out as and pretended to be a Mason in good standing for the purpose of gaining relief or favor at the hands of other members of the order living in his senatorial district. If such can be said to be the natural and ordinary meaning of the words used, we are inclined to think that they would be libelous *per se*.

In order to so construe the words used it would be necessary for the court to hold that the word "poses" is synonymous with "impostor." "Pose" is defined by the Standard Dictionary as: "To state as a proposition; affirm," while "impostor" is defined as: "One who assumes a character for the purpose of imposing on or deceiving others." It will be observed that there is such a vast difference between the meanings of the two words that to hold that they are synonymous would do violence to the English language. The word "pose" does not convey the idea that the person referred to assumed a character for the purpose of fraud or deception, while the word "impostor" expresses no other thought.

If we substitute the definition of the word "poses" for that word in the article, then the publication would read:

"(6543.) Campbell, Frank C., Politician. Demitted from Carlo 314, Dixon, Ky., 1897. Not affiliated since. States or affirms that he is a Mason in good standing." Had the publication been made in those words, it seems to us that no one would seriously contend that the article would be libelous. It does not convey the idea that appellant assumed the character of a Mason for the purpose of imposing on or deceiving others. In order to hold that such was the charge it is necessary to attribute to the word "poses" an unnatural meaning.

There is no averment in the declaration that under the rules of the order such a person as appellant was represented to be was not a Mason in good standing.

In the absence of such an averment the court may very well assume that, under the rules of the order, he was still a member in good standing. In fact, it is averred in some of the counts that appellant has at all times conducted himself as an honest, faithful and upright Mason.

To say of one who is a Mason that he states or affirms that he is a Mason in good standing is not libelous. To say the same thing in regard to one who is not a Mason would not be libelous without a further statement that he assumed the character of a Mason for the purpose of imposing on or deceiving others. In our opinion, the language of the article in question is not susceptible of the construction sought to be placed upon it by counsel for appellant.

The court did not err in sustaining the demurrer to the declaration and the judgment is affirmed.

*Affirmed.*