**Harry Wisher, Appellant, v. City of Centralia et al., Appellees.**

Opinion
filed December 26, 1933.

JUNE C. SMITH, WHAM & WHAM, CLAYTON HANEY and HUGH V. MURRAY, JR., for appellant.

L. H. JONAS and W. GORDON MURPHEY, for appellees.

MR. JUSTICE STONE delivered the opinion of the court.

Harry Wisher, plaintiff, appellant here, filed his suit for libel in the circuit court of Marion county, against the City of Centralia, C. L. Ellison, Marion Sligar, Ed. Archbald, John M. Mount, Harry Patterson, John Patterson, William Vogt and Alpha Langhhunn. His declaration consists of five counts which charge in substance:

In the first count it is alleged that plaintiff was a person of good name, credit and reputation, enjoying the respect of his neighbors, etc.; that the defendants well knew this, but contriving and maliciously intend-

ing to injure plaintiff and to bring him into public scandal and disgrace, on the 22nd day of February, 1933, and on divers other days and times, acting individually and in concert, through their agents and employees, maliciously published and posted the name of plaintiff in a certain rogue's gallery maintained by the defendant City of Centralia in the police station of said city, by means of which plaintiff was damaged in the sum of $50,000.

The second count alleges that plaintiff, prior to the alleged offenses, was a person of good name, credit and reputation in his community, etc.; that the City of Centralia was then and there a municipal corporation, duly organized, etc.; that it then and there maintained a certain police station or city jail in said city in which divers criminals and persons charged with crime were from time to time incarcerated; that it maintained in connection with said city jail a certain public office in which the public generally congregated in the transaction of business with various officials of said city; that in said office the said City of Centralia then and there maintained a certain bulletin or billboard which was commonly known as a rogue's gallery; that said billboard was then and there provided and maintained by the City of Centralia and used by it for the purpose of causing to be posted thereon the photographs of divers notorious and other criminals, and persons charged and suspected of committing crimes and for the purpose of printing thereon notices of rewards for the arrest and conviction of such persons; that said board was maintained for the purpose of bringing to the attention of the public generally the names of persons posted thereon as persons charged with the commission of various crimes; that said defendant City of Centralia then and there acting through its said agents, servants and employees and

said agents, servants and employees, to wit, the other defendants, acting in the line of their employment and discharge of their duties from time to time, did post and cause to be posted, names, photographs and descriptions of certain notorious and other criminals who were charged with the commission of felonies and other crimes, and for the apprehension and the arrest of whom certain rewards were offered and for the purpose of advising and conveying to the public generally the names of persons so posted upon said billboard, for the purpose of aiding in the arrest and apprehension of said divers criminals and persons charged with crime; that said defendants thereby then and there published that the persons whose names were so posted on the bulletin or billboard were persons charged with crime and for whose arrest certain criminal processes had been issued; that said defendants, well knowing the premises, but contriving and maliciously intending to injure plaintiff and bring him into public scandal and disgrace, and for the purpose of publicly charging plaintiff with being a criminal, on, to wit, the 22nd day of February, 1933, and divers other days and times, falsely and maliciously published and posted the name of plaintiff on said billboard, commonly known and generally referred to as the rogue's gallery in the City of Centralia.

The third count alleges the good name and good standing of plaintiff and that defendants well knew the premises but contriving and maliciously intending to injure plaintiff and to bring him into public scandal and disgrace, on, to wit, the 22nd day of February, 1933, and on divers other days and times, acting individually and in concert, through their agents and employees, falsely and maliciously posted the name of plaintiff in the rogue's gallery, thereby charging plaintiff with being a rogue and a criminal, whose name belonged to the list of rogues, criminals and per-

sons charged with crime, then and there posted upon the said rogue's gallery.

The fourth count alleges the same standing as to plaintiff in his community and the same knowledge on the part of defendants; that notwithstanding this, defendants, contriving, plotting and conspiring to damage and injure plaintiff in his good name, respect and reputation, etc., in furtherance of said conspiracy, published and posted the name of plaintiff in the said rogue's gallery.

The fifth count alleges the good name, credit and reputation of plaintiff in his community, among his neighbors and other worthy citizens. It further alleges that the City of Centralia was then and there a municipal corporation; that it then and there maintained a certain police station or city jail in which divers persons, charged with crime, were from time to time incarcerated; that in connection with said jail, it maintained a certain public office in which the public generally congregated and gathered in the transaction of business with various officials of said City of Centralia and for other purposes; that said City of Centralia also then and there maintained in its said office a certain bulletin or billboard, commonly known as the rogue's gallery; that said bulletin or billboard was then and there provided and maintained by the said City of Centralia and was used by it for the purpose of causing to be posted thereon, photographs and names of divers notorious and other criminals and other persons charged with and suspected of committing crimes and for posting thereon offers of reward, etc.; that said City of Centralia then and there acting through its agents, servants and employees and its said agents, servants and employees, to wit, all of the other defendants, acting in line of their employment and discharge of their duties as such, from time to time, caused to be posted the names, photographs

and description of certain notorious and other criminals who were charged with the commission of felony and other crimes; for the apprehension and arrest of whom certain rewards were offered upon said bulletin or billboard, for the purpose of advertising to the public generally the names of persons so posted upon said billboard and their photographs and description for the purpose of aiding in the arrest and apprehension of said divers criminals and other persons charged with crime, and thereby published that the persons whose names were so posted were charged with crime and were persons for whose arrest criminal processes had been issued; that said defendant City of Centralia, through its agents, servants and employees, acting in the line of their employment, and the other defendants, well knew the premises, but contriving, plotting and conspiring to injure plaintiff in his good name and reputation, and to bring his name in public disgrace, scandal and disrepute, and to publicly charge that the plaintiff was a criminal suspected of the commission of crimes, then and there, to wit, in the month of February, 1933, wilfully, maliciously and unlawfully and as a result of such conspiracy, falsely and maliciously published and posted the name of plaintiff on said bulletin or billboard, commonly known as the rogue's gallery, thereby charging plaintiff as being a rogue and a criminal and as a person whose reputation, standing and character were such that his name should be published and posted in said rogue's gallery. Every count alleges damages and that plaintiff has been greatly injured thereby in his credit, reputation, standing, etc.

To this declaration the defendants, appellees here, filed a general demurrer. The trial court sustained the demurrer to the declaration and each count thereof. Appellant elected to stand by his declaration and refused to plead further, whereupon the court entered

judgment in favor of appellees, in bar of action and for costs of suit. Appellant perfected an appeal to this court and assigns as errors the actions of the trial court in sustaining the demurrer and in entering judgment against him.

While set out at great length in the declaration, the gist of the action complained of is that appellees posted or caused to be posted the name of appellant in the rogue's gallery which is maintained in the city hall in the City of Centralia by said city.

"A libel is a malicious defamation, expressed either by printing, or by signs or pictures, or the like, tending to blacken the memory of one who is dead, or to impeach the honesty, integrity, virtue or reputation or publish the natural defects of one who is alive, and thereby to expose him to public hatred, contempt, ridicule, or financial injury." Cahill's St. ch. 38, ¶ 398; Smith Hurd Statutes, ch. 38, sec. 402.

That appellant's name was posted in the "rogue's gallery" wilfully and maliciously is admitted by the demurrer. Whether said posting of appellant's name tended to impeach his honesty, integrity, virtue or reputation, and whether it did tend to expose him to public hatred, contempt, ridicule, or financial injury must be determined from the facts alleged in the declaration and admitted by the demurrer.

Publications may be libelous *per se* without charging a crime. The plain language of the statute says so, and our Supreme Court in interpreting the statute so held in *People v. Spielman,* 318 Ill. 482.

A "rogue's gallery" has a general well defined, well understood meaning. It is the place where people, particularly officers, go first to look for information about criminals, persons charged with crime, fugitives from justice, outlaws against society, murderers, burglars, rapists, thieves and others variously described by our criminal code. Only the names of the disgraced and fallen are placed in the "rogue's

gallery.'' To place one's name there is to say practically in terms that that one belongs in the strata of society where he is to be shunned as unworthy of the consideration or confidence of his fellows. It places such an one in a position where he is to be suspected if outlawry occurs in his community. It gives him a bad name. It makes him a subject for distrust. These are the natural and probable consequences of the use of the rogue's gallery. Whether the use is by way of photograph, inscription or writing or printing the name is of little consequence. The very first impression created by information that one's name has been posted in a rogue's gallery is that that one is a low, debased, immoral person—perhaps a criminal. A rogue is defined to be a knave, cheat, sharper, scamp, swindler (The Century Dictionary and Cyclopedia) and to place one's name in a rogue's gallery is to say in effect that one is a rogue. It can hardly be doubted that to publish of one that he is a knave, a cheat, a sharper, a scamp or a swindler is actionable *per se*, when the publication is malicious. In our judgment the malicious posting of appellant's name in Centralia's rogue's gallery with its inevitable implications is libelous *per se*. Having arrived at this conclusion, it is unnecessary to go into the question of the innuendoes used in the declaration or the question of special damages. No innuendo is necessary where the words or acts are libelous *per se*. *Elam v. Badger,* 23 Ill. 498; *Campbell v. Masonic Chronicler Pub. Co.,* 214 Ill. App. 601; *Campbell v. Morris,* 224 Ill. App. 569. Where words are libelous *per se* no allegation or proof of special damages is necessary to recovery. *White v. Bourquin,* 204 Ill. App. 83.

Appellees contend that they were pursuing a governmental function and hence are not liable, being exempt therefore from liability for torts.

So far as the individual defendants are concerned, we do not accept this view. The charge against them

is that they maliciously defamed plaintiff. If, as the declaration charges, they did, with malice and evil intent, without reason, publish him as a rogue, they should respond at law to plaintiff. If they made use of their official position to vent their malice, by giving to a malicious publication of false import the color and weight of an official action, then the official appearance given to the action would not excuse them from responsibility, but would add iniquity to the wrong done. We do not know authority nor see reason for saying that those who had done as this declaration charges the individual defendants with doing should not be required to answer in damages to the injured person.

The defendant City of Centralia, as a municipal corporation, has a different status in the suit from that of the other defendants. The acts here done, whether ultra vires or not, were clearly done as a part of the exercise of the police power vested in the city as a function of the State. The power exercised is strictly a governmental power, whether justly or unjustly applied. A claim of liability on the part of the city must be based here upon the theory of *respondeat superior* and must be applied to the exercise of a governmental power by the city.

It is the almost invariable rule in the various jurisdictions of the United States that while individual officers may be held liable for their wrongs committed under the guise of police authority, the municipal corporation cannot be held liable, and that the doctrine *respondeat superior* does not apply in that field against such corporations. See generally, 19 R. C. L., p. 1099, section 383; 43 C. J. p. 964, section 1745.

The decisions of Illinois are consistent and numerous to the same effect. It is repeatedly stated and held without reservation that a city cannot commit a wrong through its officers, in the execution of its police powers in such a way as to make the city liable in

damages to the injured person. *Blake v. City of Pontiac,* 49 Ill. App. 543 (wrongful arrest); *Board of Trustees v. Schroeder,* 58 Ill. 353 (false imprisonment); *Robertson v. City of Marion,* 97 Ill. App. 332, 334 (false arrest and malicious prosecution); *Craig v. City of Charleston,* 180 Ill. 154 (assault by policeman). See also the confirming language of *City of Chicago v. Williams,* 182 Ill. 135, 138, 139, and *Roumbos v. City of Chicago,* 332 Ill. 70, 80, 81.

We hold that the declaration under consideration does not state a cause of action against the City of Centralia, but does state a case against the individual defendants. The demurrer of the City of Centralia was properly sustained. The demurrers of other defendants other than the City of Centralia should be overruled, and those defendants ordered to plead. The judgment is reversed and the cause remanded to the circuit court of Marion county, with directions to overrule the demurrer as to all individual defendants and to sustain the demurrer as to the defendant City of Centralia.

*Reversed and remanded with directions.*