The opinion of the Court was afterwards delivered by
Parsons, C. J.
The defendant has been convicted, by the verdict of a jury, of publishing a libel. On the trial, he moved to give in evidence, in his defence, that the contents of tire publication were true. This evidence the judge rejected, and for that reason, the defendant moves for a new trial.
It is necessary to consider what publication is libellous, and the reason why a libellous publication is an offence against the commonwealth.
A libel is a malicious publication, expressed either in printing or writing, or by signs and pictures, tending either to blacken the memory of one dead, or the reputation of one who is alive, and expose him to public hatred, contempt, or ridicule.
The cause why libellous publications are offences against the state, is their direct tendency to a breach of the public peace, by provoking the parties injured, and their friends and families, to acts of revenge, which it would not be easy to restrain, were offences of this kind not severely punished. And every day’s experience will justify the law in attributing to libels that tendency which renders the publication of them an offence against the state. The essence of the offence consists in the malice of the publication, or the intent to defame the reputation of another. In the definition of a libel, as an offence against law, it is not considered whether the publication be true or false; because a man may maliciously publish the truth against another, with the intent to defame his character, and if the publication be true, the tendency of it to inflame the passions, and to excite revenge, is not diminished, but may sometimes be strengthened.
The inference is, therefore, very clear, that the defendant cannot justify himself for publishing a libel, merely by proving *the truth of the publication, and that the direction of [*169] the judge was right.
If the law admitted the truth of the words in this case to be a *154 justification, the effect would be a greater injury to the party libelled. He is not a party to the prosecution, nor is he put on his defence ; and the evidence at the trial might more cruelly defame his character than the original libel.
Although the truth of the words is no justification in a criminal prosecution for a libel, yet the defendant may repel the charge, by proving that the publication was for a justifiable purpose, and not malicious, nor with the intent to defame any man. And there may be cases, where the defendant, having proved the purpose justifiable, may give in evidence the truth of the words, when such evidence will tend to negative the malice and intent to defame.
Upon this principle, a man may apply by complaint to the legislature to remove an unworthy officer; and if the complaint be true, and made with the honest intention of giving useful information, and not maliciously, or with intent to defame, the complaint will not be a libel.
And when any man shall consent to be a candidate for a public office conferred by the election of the people, he must be considered as putting his character in issue, so far as it may respect his fitness and qualifications for the office. And publications of the truth on this subject, with the honest intention of informing the people, are not a libel. For it would be unreasonable to conclude that the publication of truths, which it is the interest of the people to know, should be an offence against their laws.
And every man holding a public elective office may be considered as within this principle; for as a reelection is the only way his constituents can manifest their approbation of his conduct, it is to be presumed that he is consenting to a reélection, if he does not disclaim it. (a) For every good man would wish the approbation of his constituents for meritorious conduct.
For the same reason, the publication of falsehood and calumny against public officers, or candidates for public offices, is an offence most dangerous to the people, and deserves [ * 170 ] * punishment, because the people may be deceived, and reject the best citizens, to their great injury, and it may be to the loss of their liberties.
But the publication of a libel maliciously and with intent to defame, whether it be true or not, is clearly an offence against law, on sound principles, which must be adhered to, so long as the restraint of all tendencies to the breach of the public peace, and to private animosity and revenge, is salutary to the commonwealth.
*155 The defendant took nothing by his motion, and was afterwards sentenced to two months’ imprisonment, with costs.

 [Can such a presumption reasonably be made, unless he be nominated, or ig lame way held forth as a candidate ? — Ed.] '