## Meredith Rice v. Joseph Aleshire.

1. ·PLEADING — *Justification in Slander.* — A plea of justification in slander must be as broad as the charge in the declaration.

2. PRACTICE—*Carrying a Demurrer Back to the Declaration.*—A trial court will not be justified in carrying a demurrer to a plea back to a declaration, when the defendant has filed a plea of the general issue.

Case, for slander of one in his profession. Appeal from the Circuit Court of Adams County; the Hon. OSCAR P. BONNEY, Judge, presiding. Heard in this court at the May term, 1897. Reversed and remanded with instructions. Opinion filed December 2, 1897.

W. L. VANDEVENTER and S. B. MONTGOMERY, attorneys for appellant.

The fundamental rule is that the plea of justification must be as broad as the charge, and justify the very identical charge and in the alleged sense of the charge. 1 Hilliard, Torts, 499; Ibid. 441, Sec. 41; Towns. Lib. and Sl., Sec. 212, and note 1; also Sec. 355 and notes 1, 2 and 3 on p. 605; Sanford v. Gaddis, 13 Ill. 329; Darling v. Banks, 14 Ill. 46; 13 Am. and Eng. Ency. 397–8 and cases cited in note 3, p. 398.

The plea is taken most strongly against the pleader; everything must be precisely alleged. Towns. Lib. and Sl. 608, note 2. The rule as to framing a plea of justification is thus clearly stated by Chitty: " It is necessary that the· plea should state specific facts (*sic*), showing in what particular instances, and in what exact manner the plaintiff has misconducted himself." 1 Chitty on Pl. 494.

The charges in the declaration must be directly met, and not argumentatively or by inference. Fidler v. Delavan, 20 Wend. 57, cited in 1 Hilliard on Torts, 441. The plea admits the truth of the innuendoes in the declaration. 1 Hill. Torts, 441; Towns. Lib. and Sland., Sec. 215; 13 Am. and Eng. Ency. 397.

And must justify in the sense of the innuendoes. Towns. L. and Sl., Sec. 212; Nott et ux. v. Stoddard, 38 Vt. 25; 88 Am. Dec. 633.

There is no such thing as a half-way justification. Fero v. Ruscoe, 4 N. Y. 165.

The justification should be of the meaning, not of the words merely. Snow v. Witcher, 9 Ired. 346.

The distinction maintained between oral and written language, as regards its actionable quality when published concerning an individual as such, is not recognized in regard to language concerning one in a special character. Towns. Lib. and Sl., Sec. 180.

"To make an answer in justification good, it must specifically point out the acts of which the plaintiff was guilty, that the court may see whether the defendant was justified in speaking the words complained of." If the plea does not aver that the words are true, in the sense imputed to them in the declaration or complaint by proper innuendo, it is bad. 13 Am. and Eng. Ency. L., 398, and numerous cases in note 2; see also Mull v. McKnight, 67 Ind. 535; Funk v. Beverly, 112 Ind. 190; 13 N. E. Rep. 573.

Govert & Pape and Inghram & Crewdson, attorneys for appellee.

"Criticism may be divided into criticism of persons and criticism of things. What one does, one's actions, are things, and as such have a separate existence, distinct from the person. Every action, every thing one does, is naturally and necessarily the subject of comment. Every action, every thing one does, confers a privilege upon every person to speak or write concerning such action or thing. As to such action or thing every one may in good faith speak or write whatever seems to him fit to be spoken or written. Save good faith there is no limit to criticism concerning a man's actions or his creations. God forbid (exclaims Baron Alderson) that you should not be allowed to comment on the conduct of all mankind, provided you do it justly and honorably." It is apparent that the words alleged to have been used by defendant are nothing more than a criticism of the action of plaintiff in using an anæsthetic. They are not criticisms of the person and consequently, under the above

rule, they fall under that class of criticisms which are permitted under the law and therefore are privileged.   Newell on Slander and Libel, 564; Townshend on Slander and Libel, 441.

In an action of oral or written slander the plea of the general issue operates as a denial of the extrinsic facts stated in the inducement, the speaking of the words or publication of the libel, the truth of the colloquium or the application of the words to the plaintiff, and of the extrinsic fact alleged in the declaration, and the damage, where special damage is necessary to maintain the action, or more than nominal damages are claimed.   Where the defense is that the libel or words were published or spoken, not in a malicious sense imputed by the declaration, but in an innocent sense, or upon an occasion which warranted the publication, this matter may be given in evidence under the general issue.   Newell on Slander and Libel, 648.

The charge, if any, contained in the words alleged to have been slanderously spoken, is the charge of a specific act, and not a mere conclusion or inference.   See Kuhn v. Young et al., 78 Tex. 344; 14 S. W. Rep. 796; Fenstermaker v. Tribune Pub. Co., 13 Utah, 532; 43 Pac. Rep. 112.

MR. JUSTICE BURROUGHS DELIVERED THE OPINION OF THE COURT.

The amended declaration in this case, filed March 22, 1897, avers that the plaintiff is a regularly licensed practitioner of dentistry under the laws of Illinois, practicing his profession at Adams county, Illinois, in connection with his brother, Merritt Rice, where they are known as and commonly called "The Rice Boys," "The Rice Brothers" and "The Rices."   That he exercised and still exercises his profession with care, prudence, skill, learning, caution and safety, and never at any time used or employed any liquid or anæsthetic or material in such manner as to be injurious, hurtful or dangerous to any person or persons for whom he rendered professional dental services, and was never guilty or suspected to be guilty of committing the grievances

charged and imputed to him by the defendant, etc.   Yet,
the defendant, well knowing the premises, etc., contriving
and falsely and maliciously intending to injure the plaintiff
and to bring him into public scandal and disgrace, etc., and
to cause to be suspected and believed by divers citizens of
this State, etc., that the plaintiff had conducted himself im-
properly, imprudently, carelessly, negligently, recklessly,
ignorantly and in such way and manner in his profession as
to prejudice, hurt and endanger the health and lives of per-
sons for whom he rendered professional services as such
dentist, etc., and to harass, vex, oppress and ruin said
plaintiff in his said practice, etc., on the first day of May,
1896, at said county, in a certain discourse which said de-
fendant then and there had in the presence and hearing of
divers persons, falsely and maliciously spoke and published
of and concerning the plaintiff in the way of his said pro-
fession, etc., the following false, malicious and defamatory
words, to wit:   " They (meaning the plaintiff and his said
brother) are going to kill somebody with that anæsthetic
they (meaning the plaintiff and his said brother) are
using."   " It will cause blood poisoning."   " The Rice boys
(meaning the plaintiff and his said brother) are going to
kill somebody some time with that anæsthetic they (mean-
ing the plaintiff and his said brother) are using."   " It will
cause blood-poisoning."   " The Rice boys (meaning the
plaintiff and his said brother) will kill somebody some time
if they don't quit using that anæsthetic," meaning and in-
tending thereby to charge and cause it to be believed by
said divers persons and the citizens of this State generally,
that the plaintiff was and had been careless, reckless, grossly
negligent and culpably ignorant and unskillful in the way
of his work, practice and services as a practitioner of den-
tistry, as aforesaid.   By means whereof, etc., the plaintiff
has been greatly injured in his good name and fame and also
in his said profession and business as a practitioner of den-
tistry, etc., to his damage of $5,000.   Defendant pleaded:
  1. General issue, not guilty.
  2. Statute of limitations.

General replication to each of said pleas:

The secondly amended third plea filed by the defendant, to which a demurrer was by the court below overruled and the sufficiency of which is the only question raised on this appeal, attempts to justify the slander, and alleges that the plaintiff used in his profession, upon persons for whom he did work, an anæsthetic, one of the ingredients of which was cocaine, then and there a dangerous anæsthetic which " was capable of and at times would produce death and blood-poisoning in persons upon whom the same would be used," etc., and " that the said words in the plaintiff's declaration alleged to have been spoken by the defendant," etc., setting them out *in haec verba*, " were then and there at the time and place, etc., true." Wherefore defendant spoke the words as he lawfully might, etc.

The demurrer to this plea alleges " that the same and the matters therein contained in manner and form as they are therein pleaded, are not sufficient in law to bar plaintiff's action etc., and for special cause alleges that said plea does not answer or justify the charges in the declaration. Said plea attempts to justify a charge not made or found in the declaration. Said plea does not justify in the true sense of the charge. The justification in the plea is not as broad as the charge. The plea does not justify the charge in the sense of the innuendoes, and is otherwise informal, argumentative, uncertain and insufficient."

The plaintiff in the court below, appellant here, upon the court overruling his said demurrer to said plea of justification, elected to stand by his demurrer. Whereupon the court below gave final judgment against appellant for costs and that he go without day, etc. From this judgment appellant appeals to this court, and contends that the court below erred in not sustaining his demurrer to said plea of justification.

It will be seen by a careful reading of the amended declaration that it charges defendant with having spoken of and concerning the plaintiff in the practice of his profession as a dentist, " that he is going to kill somebody with that

anæsthetic he is using; it will cause blood-poisoning. That he is going to kill somebody some time with that anæsthetic he is using; it will cause blood-poisoning. That he will kill somebody some time if he don't quit using that anæsthetic." The plea of justification only states that the plaintiff used in his profession, upon persons for whom he did work, an anæsthetic, one of the ingredients of which was cocaine, a dangerous anæsthetic, which was capable of and at times would produce death and blood-poisoning in persons upon whom the same would be used, etc. And that the said words in the plaintiff's declaration alleged to have been spoken by the defendant were then and there true, etc.

It will be seen at a glance that the plea of justification is not as broad as the charge in the declaration, and for that reason was bad on demurrer. Sanford v. Gaddis, 13 Ill. 329; Darling v. Banks, 14 Ill. 46. Chitty thus states the rule as to framing a plea of justification: "It is necessary that the plea should state specific facts, showing in what particular instances, and in what exact manner, the plaintiff has misconducted himself." Chitty on Pl., marg. p. 494.

Appellee insists, in his brief, that the demurrer to his plea of justification should have been carried back to the declaration, as that was bad on demurrer. We are of the opinion that the trial court would not have been justified in carrying the demurrer back to the declaration, as the declaration is sufficient to be answered; and it seems appellee so thought, because he filed a plea of general issue thereto, and also a plea of the statute of limitations, neither of which pleas he withdrew, and then requested the trial court to carry the demurrer back to the declaration.

For the error of the trial court in not sustaining the demurrer to the plea of justification, we reverse the judgment herein, and remand this case to the court below, with instructions to that court to sustain the demurrer to said plea, and for such further proceedings herein as the law permits.

Reversed and remanded with instructions.