William Fenimore Cooper, Appellant, v. Andrew M. Lawrence and Illinois Publishing & Printing Company, Appellees.

## Gen. No. 21,522.

1. Libel and slander, § 46*—*what may be published concerning judicial officers.* ·Fair and reasonable comment and criticism upon the acts of judicial officers are publishable.

2. Libel and slander, § 46*—*what may not be published concerning judicial officer.* A false statement of fact concerning a judicial officer may be published only at one's peril.

3. Libel and slander, § 46*—*when words are actionable per se.* If words charge incapacity and unfitness, the want of integrity or corruption in office, they are when published in reference to one holding an office of profit actionable *per se,* and it is unnecessary that the words go so far as to import a crime.

4. Libel and slander, § 90*—*when declaration in action for libel is sufficient.* The several counts in a declaration based upon an alleged libel, *held* to set up a good cause of action, in an action based upon a certain publication as to the words and acts of the plaintiff as a judicial officer.

5. Libel and slander, § 117*—*when general issue is sufficient plea.* In an action by a judicial officer for an alleged libel, if the words charged constitute fair criticism and are privileged only as fair criticism, such words are not libelous and a plea of general issue is sufficient.

6. Pleading, § 374*—*when special plea should be stricken from files.* A special plea which sets up matter admissible under a plea of the general issue should, on motion, be stricken from the files.

7. Pleading, § 191*—*when demurrers to special plea should be overruled.* Where general and special demurrers to a special plea which set up matter admissible under a plea of the general issue did not object to such special plea for that reason or ask that it be stricken from the files or for an election, *held* that such demurrers should be overruled.

8. Pleading, § 229*—*what is effect of allowing improper special plea to stand.* The fact that a special plea which improperly sets up matter which is admissible under a plea of the general issue filed is allowed to stand of record on overruling of demurrers will not preclude or affect the defense of such matter.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

9. LIBEL AND SLANDER, § 104*—*what are requisites of plea of justification.* A plea of justification in an action of libel must be as broad as the declaration.

10. LIBEL AND SLANDER, § 103*—*how plea of justification is construed.* A plea of justification in an action of libel is construed strictly against the party pleading it.

11. LIBEL AND SLANDER, § 104*—*when pleas of justification are insufficient.* The several pleas of justification *held* insufficient under the respective counts of the declaration, in an action for an alleged libel as to a judicial officer.

12. LIBEL AND SLANDER, § 61*—*what is insufficient justification for publication of alleged libel.* It is immaterial in a plea of justification as to an alleged libel that the language stated in such libel as spoken by a third person was actually uttered, as a party is liable for what he publishes no matter whether the source is truth or falsehood.

13. LIBEL AND SLANDER, § 62*—*when justification for libel on judicial officer is insufficient.* In an action for an alleged libel as to a judicial officer, a statement in a plea of justification that out of eighteen cases tried before such officer only a certain number of convictions were obtained and that certain results were obtained where new trials were allowed, *held* insufficient as determining the character and fitness of such officer.

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and remanded. Opinion filed March 8, 1917. Rehearing denied March 26, 1917.

JOSEPH B. DAVID, for appellant.

ROY D. KEEHN, for appellees; EDWARD G. WOODS, of counsel.

MR. JUSTICE TAYLOR delivered the opinion of the court.

This is an action on the case by appellant against appellees for an alleged libel. The appeal was from the final order and judgment of the Circuit Court in favor of the appellees. The questions that arise by reason of the appeal involve matters of pleading only.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Cooper v. Lawrence et al., 204 Ill. App. 261.

The appellant (hereinafter designated plaintiff) is a judge of the Superior Court of Cook county, and the appellees (hereinafter designated defendants) are owners and publishers of a newspaper known as the "Chicago Examiner." The alleged libelous matter for which suit was brought, as shown by the declaration, was published on June 2, 1913. The declaration consists of three counts.

The alleged libelous words set forth in the first count of the declaration are to the effect and meaning that the plaintiff, as a judge, is a peril to children; that he, as judge, makes conviction, in cases involving attacks on young girls, impossible; that it is to be doubted if there is in any civilized country a court in which crimes against children are treated with the tolerance which is shown such crimes in the plaintiff's court; that in a certain case he hampered the prosecution in every way; that in another case, although the defendant admitted enough to convict him, he escaped because the plaintiff so ordained; that in plaintiff's court the law does not protect women and children as it does men.

The alleged libelous words set forth in the second count are to the effect and meaning that the record of the plaintiff as a judge is an urgent demand for the recall of judges; that the sympathies of the plaintiff on or off the bench are with criminals rather than with the law-abiding citizens; that the plaintiff as a judge is unfit; that it is judges like the plaintiff who justify the law of recall.

The alleged libelous words set forth in the third count are to the effect and meaning that the plaintiff, as judge, is feared as a menace to girls at the city beaches; that certain officials have therefore taken steps to have attack cases tried in other courts; that in a certain case, in the face of conclusive evidence that two men were guilty of attacking a girl, the plaintiff,

as judge, granted a new trial; that the children in a certain district can look for very little protection if the decisions of the plaintiff are permitted to stand; that the conduct of the plaintiff, as judge, creates fear in the minds of parents in a certain district as to the safety of their children.

On September 26, 1914, the defendants filed a general demurrer to the declaration, and on November 4, 1914, it was overruled. On December 9, 1914, the defendants filed a plea of not guilty to each of the three counts. They also filed on the same day three separate pleas (one to each count), alleging the privilege and fair criticism. These pleas will be called numbers two, three and four. To the plea of general issue a *similiter* was filed, and to the second, third and fourth pleas, general and special demurrers were filed. On January 12, 1915, the defendants filed six pleas of justification, two to each count of the declaration, three being general pleas of justification and being alike (and which will be called numbers five, seven and nine), three being special pleas of justification (and which will be called numbers six, eight and ten). The plaintiff filed general demurrers to the fifth, seventh and ninth pleas; and filed general and special demurrers to the sixth, eighth and tenth pleas.

On April 13, 1915, the trial judge entered the following order:

"This day coming on to be heard for argument and disposition the demurrers filed by the plaintiff to the second, third, fourth, fifth, sixth, seventh, eighth, ninth and tenth pleas filed by the defendants to the declaration of the plaintiff and each count thereof, and the court having heard the argument of respective counsel and now being fully advised in the premises doth overrule the demurrers and each of them of said plaintiff to the second, fourth, fifth, sixth, ninth and tenth pleas of the defendants and sustains the demurrers of the plaintiff to the third, seventh and eighth pleas, being

Cooper v. Lawrence et al., 204 Ill. App. 261.

the special pleas filed by the defendants to the second count of the plaintiff's declaration, whereupon the defendants move the court for leave to withdraw the plea of general issue heretofore filed as to the second count of the plaintiff's declaration and that the demurrers of the plaintiff to the third, seventh and eighth pleas of the defendants to the second count of the plaintiff's declaration be carried back to said second count, which motion is by the court allowed and said general issue as to the said second count of the declaration is withdrawn, whereupon upon the motion of the defendants said demurrers to said third, seventh and eighth pleas of the defendants to said second count of the declaration is carried back to said second count and the demurrer of the defendants to said second count of the declaration be and the same is hereby sustained, and now the plaintiff elects to stand upon the second count of the declaration and elects to stand upon the demurrers to the second, fourth, fifth, sixth, ninth and tenth pleas of the defendants and each of them, whereupon it is ordered that the plaintiff take nothing by his suit and that the defendants have judgment against the plaintiff for costs  *  *  *."

The plaintiff contends that the order of the trial judge should be reversed. The errors which are relied upon by the plaintiff as justifying a reversal of the final order and judgment are as follows:

"1st. That the Circuit Court erred in carrying back the demurrer of the plaintiff to the pleas filed by the defendants to the second count of the plaintiff's declaration after the general issue had been withdrawn, since the demurrer to the declaration had been already overruled by another judge.

"2nd. That the Circuit Court erred in sustaining the demurrer to the second count of the declaration.

"3rd. That the Circuit Court erred in overruling the demurrers of the plaintiff to the defendants' second and fourth pleas.

"4th. That the Circuit Court erred in overruling

the demurrers of the plaintiff to the defendants' fifth, sixth, ninth and tenth pleas.''

The question arises whether the words of any or all of the three counts are libelous.

Fair and reasonable comment and criticism upon the acts of judicial officers, which are matters of public concern, are allowable, and are sometimes called ''privileged.'' The right to make and publish such reasonable comment and criticism, however, does not extend so far as to permit false statements of facts, and the subject of reasonable comment and fair criticism must be a fact and not a libel.

It seems to be the law that if the words charge incapacity and unfitness, the want of integrity or corruption in office, they are when published in reference to one holding an office of profit actionable *per se,* and that it is unnecessary that the words should go so far as to import a crime.

In the words of the first count, the plaintiff is charged with being a peril to the administration of justice; with not applying the law in cases involving attacks on children and with not applying the law in cases where women and children are involved, that is, for their protection as in the cases of men. Such a charge is obviously one of both moral and intellectual unfitness. Likewise the words of the second count, that his sympathy, personal and official, is with criminals rather than with law-abiding society and that he is unfit, are an imputation of wickedness, incapacity and unfitness. The words of the third count imply that, as far as his court is concerned, young girls may be attacked with impunity; that he, the plaintiff, will not in such cases apply the law and administer justice. The alleged libelous words set forth in each count charge the plaintiff with unfitness and tend to degrade him in the eyes of the public.

The office of judge is considered by many as one of

the most important in the community. It is, of course, unique, unlike all others; it deals only in the administration of justice, upon which is dependent, in part at least, the peace of the community. Of course all are free to speak and publish the truth of the courts and judges; and reasonable comment upon and fair criticism of what they have done is to be encouraged; but a false statement of fact concerning a judge may be published only at one's peril. "It is one thing to comment upon or criticise, even with severity, the acknowledged or proved acts of a public man, and quite another to assert that he has been guilty of particular acts of misconduct." Quoted with approval by Mr. Justice Holmes in *Burt v. Advertiser Newspaper Co.,* 154 Mass. 238; *People v. Fuller,* 238 Ill. 116; 1 Starkie on Slander 118; *Rearick v. Wilcox,* 81 Ill. 77; *Robbins v. Treadway,* 25 Ky. 540; *Triggs v. Sun Prtg. Pub. Co.,* 179 N. Y. 144; *Commonwealth v. Clap,* 4 Mass. 163.

Applying the law to the words charged in each of the three counts of the declaration, we are of the opinion that each count sets up a good cause of action. It follows that the trial judge erred in sustaining a demurrer to the second count.

As to pleas numbers two, three and four: Pleas known as numbers two, three and four are alike. They state that plaintiff (first) had tried divers cases which were truly set forth in the alleged libelous words; (second) that he had done the things therein set forth; (third) that the matters so done became the subject of criticism; (fourth) that the comments in the alleged libelous statements were fair and reasonable criticism; (fifth) that they became and were privileged; and (sixth) that they were published without malice. These pleas do not plead that what was published was true. Of the foregoing elements, the first and second do not cover the charge as to the private and official conduct of the plaintiff. These pleas, therefore, must

be considered only as pleas of fair criticism and privilege, either or both. It is our opinion that where the words charged constitute fair criticism and are privileged (using the word "privileged" in its popular sense) only as fair criticism, that the words charged are then admittedly not libelous, and that the plea of the general issue is sufficient. It follows, therefore, that if the plaintiff had moved to strike pleas number two, three and four, his motion should have been allowed. As the record stands, however, the plaintiff has demurred to them; and the defendants contend that as no motion was made to strike or elect, and as the demurrers, general and special, do not set up that the defense could have been made under the general issue, they, pleas numbered two, three and four, are not obnoxious to a demurrer. Under our law there is no arbitrary rule as to the number of pleas a defendant may file; he may file as many as he thinks necessary for his defense. Inasmuch, therefore, as the plaintiff did not ask for an election by the defendants, and did not move to strike the pleas from the files, and did not specially demur on the ground that the pleas set up a defense that was already covered by the general issue, we are of the opinion that the demurrers to pleas two and four were properly overruled, and that they should have been overruled as to plea number three. *Cushman v. Hayes,* 46 Ill. 145.

The fact that pleas two, three and four are allowed to stand will not affect the defense, because, with or without them, the defendant is entitled to his endeavor to prove that the words charged are fair criticism, that is, do not in and of themselves constitute a libel.

As to pleas numbers five, six, seven, eight, nine and ten: These all purport to be pleas of justification. Plea number five is to the first count of the declaration, and to it there was filed a general demurrer. Plea number seven is to the second count, and to it there

was filed a general demurrer. Plea number nine is to the third count, and to it there was filed a general demurrer. Pleas number five, seven and nine are all alike. Pleas number six, eight and ten are to the first, second and third counts, respectively; and to each of those pleas there were filed general and special demurrers. It may be well to consider all these pleas together, because if pleas numbers six, eight and ten, which are special pleas of justification, are demurrable, then, *a fortiori,* pleas numbers five, seven and nine, which are general pleas of justification, are demurrable.

The plea of justification must be as broad as the declaration *(Rice v. Aleshire,* 72 Ill. App. 455; *Dowie v. Priddle,* 216 Ill. 553), and it is always construed strictly against the party endeavoring to justify. It has been said that the plea ought to state the charge with the same precision as in an indictment. Upon a careful scrutiny of the special pleas of justification we do not find facts therein alleged which sufficiently justify the conclusion (first count) that the plaintiff, as judge, is a peril to children; that he makes convictions in cases involving attacks on young girls impossible; that it is to be doubted if there is in any civilized country a court in which crimes against children are treated with the tolerance which is shown such crimes in the plaintiff's court; that in a certain case he hampered the prosecution in every possible way; that in the plaintiff's court the law does not protect women and children as it does men; (second count) that the trial record of plaintiff is an urgent demand for the recall of judges; that he demonstrated by his conduct that his sympathy lies with criminals rather than with law-abiding society; that he is unfit as a judge; that it is judges with records like that of the plaintiff who justify the demand for the recall; (third count) that plaintiff is feared as menace to girls at city beaches;

that juvenile workers take steps to have attack cases tried in other courts; that in the face of conclusive evidence that two men were guilty as charged, the plaintiff granted a new trial; that the children in a certain district can look for very little protection if the decisions of the plaintiff are permitted to stand. The defendants set up as part of their justification that the language contained in said alleged libel which is stated as spoken by a third person was actually uttered. It is entirely immaterial whether or not it was so uttered, because the defendants are responsible for what they publish no matter whether the source is truth or falsehood. It is also claimed by the defendants, in plea number six to the first count, that out of eighteen cases tried before the plaintiff only a certain number of convictions was obtained and that certain results were obtained where new trials were allowed. Of course such a statement of facts justifies none of the words charged in the first count of the declaration; statistics as to eighteen cases do not help in determining the character and fitness of a judge.

It is difficult, of course, for the pleader to recite facts, assuming them to exist, which shall make out a justification for the words charged in the declaration, and that we fully appreciate. After a careful consideration of the contents of the pleas of justification we are compelled to conclude that they are insufficient. It follows, therefore, that the trial judge erred in overruling the demurrers to pleas numbers five, six, nine and ten.

We are of the opinion that the second count, in fact, none of the counts, is demurrable; that the demurrers to pleas numbers two, three and four should be overruled; that the demurrers to pleas numbers five, six, seven, eight, nine and ten should be sustained.

The judgment is, therefore, reversed and the cause remanded.

*Reversed and remanded.*