**Kenneth G. Belt, Appellant, v. Tribune Company, Appellee.**

**Gen. No. 46,624.**

First District, First Division.

June 13, 1955.

Released for publication September 15, 1955.

Harry S. Ditchburne, of Chicago, for plaintiff-appellant; Harold A. Fendler, of Beverly Hills, California, of counsel.

Kirkland, Fleming, Green, Martin & Ellis, of Chicago, for appellee; Howard Ellis, John B. Martineau, and Don H. Reuben, all of Chicago, of counsel.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

Plaintiff appeals from an order dismissing his action for libel on defendant's motion to strike the complaint.

He alleges that he is an American engineer actively practicing his profession in Europe, rendering expert counsel and engineering service related to the designing and planning of various types of specialized construction activities, including undertakings and projects of the United States Government. Since the month of February 1951 plaintiff has operated and maintained an office and headquarters in Paris, France, in and for the practice of his profession, under the

name and style of Kenneth G. Belt & Associates, employing approximately sixty persons; that prior to the occurrence complained of, plaintiff in his professional capacity had enjoyed the good opinion and esteem of actual and prospective clients and had established among them an excellent reputation for professional skill, honor and integrity; he had also borne an excellent reputation for honor, integrity and good character among fellow members of said profession, his friends, neighbors, associates and the general public; he had successfully and satisfactorily executed and completed six professional tasks of architectural and engineering planning for the United States Army in France, involving the expenditure of multiple millions of dollars. On to-wit, August 6, 1951 he was engaged by the United States Government, Department of Defense, Headquarters European Command (ECCOM) in France, to render service as architect-engineer and consultant in connection with the installation of a proposed "Ordnance and Transportation Corps Depot" to be located at Landes de Bussac, (Charente—Maritime) France; he fully, honestly, skillfully and satisfactorily performed all necessary work of counselling, designing and planning, including the preparation and submission of plans and specifications, for said project; whereupon the designs and plans were accepted and plaintiff was duly paid for his services by the proper officer of the United States Army, prior to the occurrence complained of.

The complaint further charges that the defendant, an Illinois corporation, is the owner, printer and publisher of the Chicago Daily Tribune, a newspaper of vast and extensive circulation throughout the United States and the major portion of the entire world, including the Republic of France, having its principal place of business at Chicago, Cook county, Illinois, and was so engaged for many years before May 7, 1952;

491

that on May 7, 1952, in the Chicago Daily Tribune dated May 8, 1952, at Chicago, Illinois, defendant printed, published, circulated and distributed an article entitled "U. S. Taxpayers to Lose Million on French Base," a copy of which article is attached, marked Exhibit A and made a part of the complaint; that the said newspaper and its several editions containing the said newspaper article, was thereupon and in the usual course of its circulation, extensively sold and distributed by the defendant in Chicago, Illinois, Washington D. C., Los Angeles, California, in all the principal cities and communities of every State of the United States, of Canada, and in foreign countries, including the Republic of France, in all of which cities, communities and countries plaintiff had previously enjoyed the excellent reputation for skill, honor and integrity hereinbefore mentioned; and that

"7. In said newspaper article the following words, printed and published of and concerning plaintiff in his professional capacity, were false, malicious and defamatory, imputing to plaintiff want of skill, honor and integrity in the practice of said profession;

" 'To start the enterprise, army engineers destroyed a French sewage system, an underground water supply system and more than one mile of good roadway . . . It was taken on the advice of Kenneth Belt, who blueprinted the $5,000,000 project while employed as a civilian engineer.'

. . .

" 'His office is reported to be collecting an undisclosed percentage of the total cost of the project, which was awarded to a Paris firm, the Societe de Centralisation Plans et Techniques.'

. . .

" 'No Belt representative had studied the area or consulted the French.'

"8. It was not true that a French sewage system was destroyed; nor that an underground water supply sys-

492

tem was destroyed; nor that more than one mile of good roadway was destroyed.

"9. It was not true that the action indicated was taken on the advice of plaintiff and it was not true that the plaintiff blueprinted the project while employed as a civilian army engineer.

"10. It was not true that the plaintiff, nor anyone in his association or employ was collecting any percentage of the total cost of the project and it was not true that Societe de Centralisation Plans et Techniques was awarded the project.

"11. It was not true that no representative had studied the area nor consulted the French."

The trial court made a statement of the reasons for his decision, which, at his direction, was included in the record as a part of the report of proceedings at the trial. Defendant's motion to strike was allowed, and plaintiff having elected to stand upon his complaint as filed, his action was dismissed.

In his statement the trial court quotes from the publication the language in paragraph 7 of the complaint hereinbefore quoted, and some additional matters not material to a decision of the case, and says: "A careful reading of the complaint disclosed that the only possibility of finding libelous matter in this article would be if the court could construe the utterances as charging that the plaintiff had advised the tearing up of the sewage system, the water supply and the road." The language of the publication charged as libelous must be taken in the sense which readers of common and reasonable understanding would ascribe to it, that is, in its common and ordinary acceptation. People v. Fuller, 238 Ill. 116; Ball v. Evening American Pub. Co., 237 Ill. 592; Estill v. Hearst Pub. Co., 186 F.2d 1017. In the publication before us the defendant expressly charged that the decision of the army headquarters, made at Orleans, was taken on the advice of the plaintiff.

■ The trial court stressed the right of a newspaper to make fair comment and criticism of the plaintiff's action in connection with the public improvement or installation referred to in the publication. It is fundamental that fair comment and criticism cannot be predicated on an unfair or false statement of facts. Cooper v. Lawrence, 204 Ill. App. 261; Cooper v. Illinois Publishing & Printing Co., 218 Ill. App. 95; Cook v. East Shore Newspapers, Inc., 327 Ill. App. 559. The trial court, recognizing this principle, said: "Now, plaintiff insists, and rightly, that this privilege to criticize is forfeited unless the facts are truly stated. From an examination of the complaint, the one portion of the publication which I said in the beginning might give rise to an action for libel, is admitted. There is no denial that the sewage system, the water supply and the road were torn up." The record does not support this statement. In paragraph 7 of the complaint plaintiff charges that the publication was false, malicious and defamatory. In paragraph 8 he expressly states "It was not true that a French sewage system was destroyed; nor that an underground water supply system was destroyed; nor that more than one mile of good roadway was destroyed." The denial of the truth of the specific charges referred to by the trial court is explicit and direct. In addition, there were like explicit and direct denials of other statements and charges in the publication.

■ The allegations of the complaint sufficiently charge libel of the plaintiff in his professional and individual capacity, and the motion of defendant to strike the complaint should have been denied. Defendant does not argue specifically the various grounds of objection stated in its motion other than those hereinbefore commented upon, and we do not consider it necessary to make further reference to them.

494

The judgment appealed from is reversed, the cause is remanded with directions to deny the motion to strike and to proceed further in accordance with this opinion.

Reversed and remanded with directions.

BURKE, P. J. and FRIEND, J., concur.