Brassard, J.
Plaintiffs, Town of Dartmouth and Kevin Lee (“Lee”) commenced this action against defendant, Christine Whalen (“Whalen”) seeking redress for alleged false and defamatory statements Whalen made about Lee. Plaintiffs seek injunctive relief enjoining Whalen from communicating or publishing to third parties defamatory statements regarding Lee and from making statements alleging that Lee engaged in sexual harassment (Count I). Lee also alleges claims for defamation (Count II), intentional infliction of emotional distress (Count III), invasion of privacy (Count IV), and •violation of G.L.c. 12, §111 (CountV) based upon the comments Whalen made concerning Lee. Whalen moves to dismiss plaintiffs’ complaint pursuant to the “Anti-SLAPP”[2] statute, G.L.c. 231, §59H, on the ground that the statements she made constituted an exercise of her right to petition government.
BACKGROUND
As permitted by §59H, the Court draws the following facts and any reasonable inferences therefrom from the pleadings and supporting and opposing affidavits submitted for purposes of this motion. For 13 years, the Town has employed Lee as its Youth Advocate. Lee works under the direction of the Dartmouth Youth Commission. Lee is also a resident of Dartmouth. As part of his duties, Lee provides counseling and support services to Dartmouth teenagers and their families regarding such issues as suicide, abuse, addictions and depression. On some occasions, his duties require him to meet with these individuals privately. Lee’s office is located at the Town Hall.
Whalen is a resident of Dartmouth. On October 2, 1996, Whalen met with Lee at Lee’s office. On October 3, 1996, Whalen met with Patti DeMello (“DeMello”) who works for the Dartmouth Board of Health and questioned her about Lee. Whalen stated to DeMello that when she arrived to meet with Lee the previous day, he was in his office with the door closed and that when he came out, he was adjusting or retucking his shirt into his pants. Whalen stated that this concerned her greatly because a male adult should not be in a closed office with a young female client because this is how sexual child abuse begins. She also stated she was nervous about meeting with Lee because of the way he was adjusting his attire. Whalen asked DeMello for the names and addresses of the members of the Youth Commission.
On October 3, 1996, Whalen wrote to Bob Bairos (“Bairos”), Chairman of the Youth Commission, regarding her meeting with Lee. Whalen stated that when she arrived for the meeting, Lee was alone in his office with a teenage girl and the office door was shut.[3] She also stated that when she was speaking with Lee, he “put his hand in his pants to ostensibly tuck in his shirt” which she found odd because his shirt was already tucked into his pants. Whalen also expressed her concern that Lee was the only person in charge of counseling abused and molested youth. Whalen thought it would be more appropriate to have a female involved with the counseling and suggested that Bairos contact the VNA to inquire whether there were any female nurses interested in counseling services.
On January 16, 1997, Whalen wrote to Michael Gagne (“Gagne”), Executive Administrator for the Dartmouth Board of Selectmen and reiterated her complaint about her meeting with Lee. In her letter, Whalen alleges that she noticed he was alone with a teenage girl and that while she and Lee were talking he “put his hand in his pants and touched his genitals . . . [and] went through the motion of tucking in his shirt especially around his genitals, except his shirt was already tucked in.” She further stated that she had concerns about Lee because he possessed characteristics which fit the description of a typical pedophile. She requested that a criminal background *322 check be done on Lee to satisfy her question regarding his suitability for doing youth advocacy and to confirm that he is not a sex offender.
The Dartmouth Police conducted a background check on Lee and nothing was uncovered which supported Whalen’s concerns and allegations. Thereafter, the Youth Commission, at its January 25, 1997 meeting, issued a unanimous vote of confidence in Lee.
Whalen contacted Gagne in June 1997 and inquired about the process for having the Town consider appointing a female to a Youth Advocate position. Gagne explained the petition process and suggested she meet with the Youth Commission to determine whether it would support her request. On July 16, 1997, Whalen presented her suggestion of petitioning the Town to hire a female youth advocate to the Youth Commission. On July 17, 1997, Whalen called Gagne and reported that the Youth Commission did not favorably receive her suggestion.
On July 19, 1997, Whalen filed a complaint with the Dartmouth Police Department against Lee. On August 13, 1997, Whalen, via letter, lodged a formal complaint with Gagne for sexual harassment against Lee based upon the meeting with Lee in Lee’s office on October 2, 1996. She alleged that the “nature of the harassment involved [Lee] inappropriately touching his genitals in an abusive manner in angry reaction to [her] suggestion that it would be nice if he worked with a female social worker.” She requested that Lee be replaced with a female social worker. On August 23, 1997, Whalen wrote to the Superintendent of Dartmouth Schools to confirm her telephone conversation regarding the alleged sexual harassment incident and to express her concerns regarding Lee’s professional conduct especially in light of his work with teenage girls.
On August 28, 1997, the Youth Commission authorized the release of the names of the three minors who were in Lee’s office on October 2, 1996 to the police. The police interviewed these youths and their parents and nothing in the police interviews supported Whalen’s allegations. In his affidavit and verified complaint, Lee stated that he has never engaged in sexual harassment or any conduct of an inappropriate sexual nature at any time.
Plaintiffs commenced this action on September 16, 1997 based upon Whalen’s various oral and written statements. The Court (Xifaras, J.) denied plaintiffs’ request for a preliminary injunction restraining Whalen from making or publishing any statement alleging Lee had engaged in sexual harassment or inappropriate sexual conduct and from making or publishing any false and defamatory statements concerning Lee.
DISCUSSION
Whalen has moved to dismiss all the claims in plaintiffs’ complaint pursuant to G.L.c. 231, §59H, the Anti-SLAPP statute.[4] Section 59H permits any party to file a special motion to dismiss[5] any claims which are “based on said party’s exercise of its right of petition under the constitution of the United States or of the commonwealth.”[6] G.L.c. 231, §59H. The purpose of §59H is to protect citizens from lawsuits designed to chill their right to petition the government. Duracraft Corp. v. Holmes Products, 42 Mass.App.Ct. 572, 575-80 (1997), rev. granted, 425 Mass. 1105 (1997) (anti-SLAPP statute includes protecting right to petition government on a private concern); see also Zoppo v. Foster, 6 Mass. L. Rptr. No. 25, 543 (May 19, 1997) (anti-SLAPP statute protects citizen’s right to petition government on matter of public concern); Nguyen v. Stafford, 7 Mass. L. Rptr. No. 3, 56, 57 (May 28, 1997) (clear legislative intent of §59H was to protect a citizen’s right to speak out on matters of public interest and to participate in governmental proceedings implicating matters of public concern).
Although §59H is silent as to who has the initial burden of proving the statute’s applicability and no appellate court has addressed the issue, the Superior Court has consistently held that the moving party, in this case Whalen, has the initial burden of making a prima facie showing of the statute’s applicability, i.e. that the claims made against her are based on the exercise of her right to petition. Municipal Management Associates, Inc. v. Beauregad, 7 Mass. L. Rptr. No. 21, 494, 495 (August 29, 1997); Zoppo v. Foster, supra at 544; Office One, Inc. v. Lopez, 7 Mass. L. Rptr. No. 10, 219, 222 (July 10, 1997). Once the moving party has satisfied this initial statutory burden to ”assert[]” that the claims are so “based,” the burden then shifts to the nonmoving party, in this case, the plaintiffs, to “show[] that (1) the moving party’s exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) the moving party’s acts caused actual injury to the responding party.” G.L.c. 231, §59H; Zoppo v. Foster, supra at 544; Office One, Inc. v. Lopez, supra at 222.
Although the burden-shifting paradigm is useful in evaluating the positions of the parties in a §59H motion to dismiss, it is important to observe that the statutory language does not speak in terms of “burden of proof.” Rather, the special motion to dismiss may be brought when a party “asserts” that the claims made against that party are “based” upon that party’s “exercise of its right to petition.” Further, under §59 the motion shall be denied if the nonmoving party “shows” that (1) the moving party’s exercise of its right to petition was “devoid” of any “reasonable” factual support or any “arguable” basis in law, and (2) that the moving party’s actions caused “actual injury” to the nonmoving party.
Here, Whalen asserts that her statements which were made to public officials arose from her concern, based upon her meeting with Lee, that Lee was not an appropriate individual to be handling the job of Youth *323 Advocate. Whalen further asserts that her statements were intended to “elicit and encourage open public debate amongst the Town residents regarding Mr. Lee’s ability, or disability, to properly function as the Town’s Youth Advocate. ” Affidavit of Christine Whalen, ¶12. “The broad definition of exercising the ‘right to petition’ protects a citizen virtually every time he or she speaks out on matters of ‘public interest’ or participates in ‘governmental proceedings implicating matters of public concern.’ ” Zoppo v. Foster, supra., 543, quoting Commonwealth v. Chatham Development Corp., 6 Mass. L. Rptr. No. 6, 76 (October 18, 1996). Whalen has reasonably asserted that her statements were made during an exercise of her “right to petition.”
Whalen’s statements made during a petitioning activity, however, are not absolutely privileged. “The ‘right to petition’ referred to in [§ 59H] is the right protected by the First Amendment to the Constitution of the United States (’Congress shall made no law . . . abridging the . . . right of the people ... to petition the Government for a redress of grievances’), and by the Declaration of Rights.” Duracraft Corp. v. Holmes Products, 42 Mass.App.Ct. at 575. “The right to petition is cut from the same cloth as the other guarantees of that Amendment, and is an assurance of a particular freedom of expression.” McDonald v. Smith, 472 U.S. 479, 482 (1985). It does not follow, however, that “the Framers of the First Amendment understood the right to petition to include an unqualified right to express damaging falsehoods in exercise of that right.” Id. at 484. “The right to petition is guaranteed; the right to commit [defamation] with impunity is not.” Id. at 485; cf. Commonwealth v. Clapp, 4 Mass. 163, 169 (1808) (publication of falsehood and calumny against public officers is an offense against the law). Along with freedom of speech protected by the First Amendment, statements made about a public official, in the exercise of a right to petition, are protected unless the public official proves that the statement was made with actual malice, that is made with knowledge that it was false or with reckless disregard of whether it was false or not. McDonald v. Smith, 472 U.S. at 490 (Brennan, J., concurring), citing New York Times Co. v. Sullivan, 376 U.S. 254 (1964). Accordingly, while the court, for purposes of this motion, has found that Whalen’s statements were made during the course of an exercise of her right to petition, those statements are not absolutely privileged under the First Amendment or the Massachusetts Declaration of Rights.
The Court next considers whether the plaintiffs have shown that Whalen’s statements are devoid of any reasonable basis in law or fact and that they have suffered an actual injury. Section 59H is silent as to the amount of proof the nonmoving party must produce in order to avoid dismissal under the statute. The consequences of dismissal under §59H are severe: (1) the plaintiffs are deprived, at the outset of litigation, of the right to a trial and a remedy as to their claims; (2) the plaintiffs are deprived of their right to petition a “judicial body" for “consideration or review of an issue”;[7] and (3) the plaintiffs are responsible for the moving party’s costs and reasonable attorney’s fees. Accordingly, this court construes the statute as requiring the plaintiffs to produce substantial evidence that Whalen’s conduct was devoid of any basis in law or fact and substantial evidence that her conduct caused an actual injuiy. Requiring the nonmoving parly to produce substantial evidence to defeat the motion is consistent with both the statute’s intent to terminate promptly a lawsuit aimed at chilling the right to petition as well as the constitutional right of plaintiffs to seek redress in the courts. See §59H; Massachusetts Declaration of Rights, Article 11 (citizens have a constitutional right to redress in the courts).[8]
Here, plaintiffs have satisfied their burden of production. Lee, through his affidavit, denies engaging in any inappropriate sexual conduct on October 2, 1996 or any other date. Lee also states that there were several teenagers in his office on October 2, 1996, not one teenager as Whalen has alleged. Furthermore, there is evidence that the Dartmouth police interviewed the minors who were in Lee’s office on October 2, 1996 and their parents and none of these individuals corroborated Whalen’s allegations. Thus, plaintiffs have met their burden of demonstrating that Whalen’s statements were substantially devoid of any basis in fact or law.
Additionally, in order to defeat the special motion to dismiss, plaintiffs must make a substantial showing that they have suffered an actual injuiy. Plaintiffs have satisfied this burden. Lee states that Whalen’s comments have “embarrassed and humiliated” him and caused emotional distress to him and his family. Additionally, Whalen’s conduct has disrupted the operations of the Youth Commission and has undermined Lee’s ability to perform his job as Youth Advocate. These are actual injuries suffered by Lee. The ability of Lee to perform his job is an actual injury to the Town.
Thus, after review of the record, the Court finds that plaintiffs have satisfied their burden of demonstrating that Whalen’s statement do not fall within the protection of the Anti-SLAPP statute.[9]
ORDER
For the foregoing reasons, the Court hereby ORDERS that Defendant’s Special Motion to Dismiss under G.L.c. 231, §59H is DENIED.

SLAPP is an acronym for “Strategic Litigation Against Public Participation.”

Conversely, Lee, in his affidavit, states that at the time of their meeting, several youths were in and around his office.

Section 59H expressly provides that the court, in making its determination, “shall consider the pleadings and support *324 ing and opposing affidavits stating the facts upon which the liability or defense is based.”

The Court rejects plaintiffs’ argument that Whalen’s motion must be denied because she did not file it within 60 days after the filing of the complaint. Section 59H does not require that the motion be filed within 60 days but that ”[s]aid special motion to dismiss may be filed within 60 days . . .” Such language is directory, not mandatory. Nevertheless, §59H also permits the court in its discretion to permit a party to file the special motion to dismiss at any time. Under the circumstances of this case, the court exercises its discretion and permits Whalen’s motion to go forward.

Section 59H defines a “parly’s exercise of its right to petition" to mean
[1] any written or oral statement made before or submitted to a legislative, executive or judicial body, or any other governmental proceeding; [2] any written or oral statement made in connection with an issue under consideration or review by a legislative, executive or judicial body, or any other governmental proceeding; [3] any statement reasonably likely to encourage consideration or review of an issue by a legislative, executive, or judicial body or any other governmental proceeding; [4] any statement reasonably likely to enlist public participation in an effort to effect such consideration; [and 5] any other statement falling within constitutional protection of the right to petition government.

See Duracraft Corp. v. Holmes Products Corp., 42 Mass.App.Ct. at 581-82 (plaintiffs have a constitutional right to petition the court for redress of a grievance).

The Court notes that this construction preserves the substantive law of defamation and comports with constitutional principles of due process. See Duracraft Corp. v. Holmes Corp., 42 Mass.App.Ct. at 583; but see Thompson v. Andover Board of Appeals, 4 Mass. L. Rptr. No. 19, 411, 412 n.7 (July 25, 1997) (acknowledging that the Legislature may have unwittingly changed the substantive law of defamation and the procedural law governing dismissal of lawsuits).

The Court notes that this decision in no way compromises the ability of Whalen to file a motion to dismiss under Mass.R.Civ.P. 12(b)(6) or a motion for summary judgment under Mass.R.Civ.P. 56.